**In re TAYLOR.**

Nos. 197, 198, 199, 200.

United States Court of Appeals
Ninth Circuit.

March 9, 1951.

See, also, 182 F.2d 473.

---

Earl W. Taylor, in pro. per.

Before HEALY, BONE and ORR, Circuit Judges.

PER CURIAM.

### Miscellaneous No. 197

■■ By a petition filed directly in this court on February 28, 1951 petitioner, Earl W. Taylor, demands an order allowing him to file and prosecute a cause of action in this court without prepayment of costs. He identifies his "cause" as an application for a Writ of Mandamus directed to the Board of Examiners at the McNeil Island Penitentiary requiring them to examine petitioner upon the issue of his sanity or health. He alleges that he has been "transferred" to a government institution at Springfield, Missouri where he is presently confined with insane federal convicts. He claims a legal right to "an examination" by the Board of Examiners at the McNeil Island Penitentiary; that the Board at the prison "conspired with others" to transfer petitioner to the Missouri institution; that the transfer was "without examination *if* Form 66 instead of Form 5 be employed to effect the transfer." It is further averred that on February 7, 1951, the United States District Court sitting at Tacoma, Washington denied relief to petitioner on his petition demanding the relief here sought.

The significance and relevance of the "forms" used by medical officers of the McNeil Island Penitentiary when reporting results and findings in health and mental examinations of prisoners, is not apparent. The petition wholly fails to suggest anything of an unlawful character in the actions of medical examiners at the penitentiary. Their function is to care for the mental and physical health of prison inmates, which is apparently what they have done in the case of petitioner. As we pointed out in Taylor v. Squier, Warden, 9 Cir., 179 F.2d 640 certiorari denied, Taylor v. U. S., 339 U.S. 988, 70 S.Ct. 1010, it is not within the province of the courts to supervise the treatment of prisoners in federal penitentiaries. See Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850.

The petition for a Writ of Mandamus directed to the Board of Examiners at McNeil Island Penitentiary is dismissed.

### Miscellaneous No. 198

■ By a petition filed directly in this court on February 28, 1951, petitioner, Earl W. Taylor, applies for an "Order of Mandamus" directed to Honorable M. J. Roche, Judge of the District Court for the Northern District of California, Southern Division. Petitioner prays that this court direct the said district judge to show cause why petitioner is denied permission to file a motion "to correct and reduce". By this cryptic expression petitioner undoubtedly refers to the sentence imposed upon him by that court which sentence he is now serving. See opinion in Taylor v. United States, 9 Cir., 179 F.2d 640.

The petition in this case is but a rehash of the various untenable contentions made in the several cases reported in the opinion above noted. The refusal of the district judge to hear and grant the motion to correct and reduce his sentence is charged to bias, prejudice and bad faith of the judge.

The petition is wholly without merit and is dismissed.

### Miscellaneous No. 199

■ By a petition filed directly in this court on February 21, 1951, petitioner, Earl W. Taylor, applies for a Writ of Mandamus directed to the Board of Examiners at the McNeil Island Penitentiary. See Section 4241 of Title 18 U.S.C.A. In this petition he charges that he is the victim of a criminal conspiracy having for its purpose his transfer to a federal mental institution. In this petition he repeats the contention respecting use by the Board of Examiners of "forms" 66 and 5 in the report concerning petitioner's health. See Miscellaneous No. 197, supra, where the same allegations appear. His prayer is that this court issue an order to the said Board of Examiners directing them to show cause "why no examination was made upon the issue of petitioner's health and sanity prior to his transfer" to a federal institution at Springfield, Missouri. As nearly as we are able to determine from the phraseology of the petition, the petitioner reiterates the charge that his plea of guilty to the offense for which he was convicted was the result of a conspiracy to rob him of his constitutional rights.

This petition is without merit and is dismissed.

### Miscellaneous No. 200

■ On February 5, 1951 Petitioner, Earl W. Taylor, filed directly in this court a lengthy motion for an order allowing him to file and prosecute his cause of action without prepayment of costs, and his application for a Writ of Mandamus and/or a Writ of Prohibition directing Judge M. J. Roche, Judge of the District Court for the Northern District of California, Southern Division, to show cause why the said judge should not make and enter an order permitting petitioner to appeal to this court in forma pauperis from the judgment of sentence which he is now serving, reference to which appears in our opinion reported in 179 F.2d 640.

In that part of his petition praying for a Writ of Prohibition, petitioner recites that Judge Roche has refused to permit him to appeal in forma pauperis for the reason that the judge is biased and prejudiced and has an adverse and personal interest in petitioner's case. Petitioner states that he now has two motions pending in the court of Judge Roche in which he applies for an order permitting him to appeal in forma pauperis.

This petition is one of four filed in this court within the past few days and the claims for relief set forth therein, as in the other petitions considered in this opinion, present contentions void of merit. These four petitions are in addition to a large number of petitions recently filed by petitioner in the District Court for the Western District of Washington, Southern Division, and the District Court for the Northern District of California, Southern Division all seeking relief akin to that here demanded. All of these petitions have been denied.

This petition is frivolous and without a semblance of merit. It is dismissed.