John William **KELLY**, Petitioner,

v.

Robert **RASOR, M.D.,** Medical Officer in Charge National Institute of Mental Health Clinical Research Center, Lexington, Kentucky, Respondent.

No. 1844.

United States District Court
E. D. Kentucky,
Lexington Division.

May 3, 1968.

**446**

John William Kelly, pro se.

George I. Cline, U. S. Atty., Lexington, Ky., for respondent.

## ORDER

SWINFORD, Chief Judge.

It appearing from the affidavit of the petitioner, John William Kelly, that he is a pauper, it is ordered that this petition be filed without the payment of costs. 28 U.S.C.A. § 1915(a).

There is no allegation that the provisions of the Narcotic Addict Rehabilitation Act of 1966 (Public Law 89–793), under which the petitioner was committed to the respondent, were not fully complied with by the committing judge. It is the claim of the petitioner that the Act is unconstitutional and that by its provisions the petitioner could not be accorded due process of law as guaranteed by the Fifth Amendment of the Constitution of the United States.

It is the opinion of the court that the Act under which the petitioner was committed was a valid exercise of the authority vested in the Congress for the purposes set out in the "Declaration of Policy" in Section 2 of the Act. It is a valid exercise of the police power for the purpose of protecting the general public against those addicted to the use of narcotic drugs and the consequent problems resulting from such persons seeking the acquisition of narcotics to satisfy their habit. It is the further statement of policy that where there is an opportunity to rehabilitate the affected persons and restore them to society as useful members and in order that society may be protected, they may voluntarily commit themselves for treatment and restraint. In my opinion this is clearly within the power of Congress and the Act is constitutional.

The second complaint of the petitioner is that he was under the influence of narcotics during the commitment proceedings and was unaware of what was happening to him and therefore mentally incapable at that time of entering into such an agreement with the Government as described in 42 U.S.C.A. § 3401. This contention is one which is beyond the authority of this court in a habeas corpus proceeding. It addresses itself more particularly to the committing judge.

The petitioner further contends that the place of his confinement and the discipline required of him there are not proper and that he should be released on the basis of the fact that his routine duties and prescribed therapy are not justified for a person who is committed under the provisions of this Act. This is a matter over which the court has no control. It addresses itself entirely to the management and discretion of the authorities by whom the petitioner is held. The Act, as amended, expressly provides that "the Surgeon General is authorized to provide for the confinement, care, protection, treatment, and discipline of persons addicted to the use of habit-forming narcotic drugs who are civilly committed to treatment or con-

victed of offenses against the United States and sentenced to treatment under the Narcotic Addict Rehabilitation Act of 1966 * * *.". 42 U.S.C.A. § 257.

While the petitioner is not a prisoner, he is nevertheless, an inmate of a federal institution under a commitment of the court and I believe, by analogy, that the court has no more power to superintend his treatment than it does the treatment of prisoners in federal penal institutions. To place this burden and responsibility upon the courts would present an intolerable situation and I must conclude that the disciplinary routine and conduct of the institution are within the discretion of the officials in charge and are not subject to the consideration of the court on habeas corpus. 18 U.S.C.A. § 4001; In Re Taylor, 9 Cir., 187 F.2d 852, cert. denied, 341 U.S. 955, 71 S.Ct. 1008, 95 L.Ed. 1376; Haynes v. Harris, 8 Cir., 344 F.2d 463 (1965).

The Petition for Writ of Habeas Corpus ad Subjiciendum is dismissed.