Joseph **ELKANICH** et al., Petitioner,

v.

Merl E. **ALEXANDER**, Director, Bureau of Prisons and the United States, Respondents.

No. L–993.

United States District Court, D. Kansas.

Jan. 13, 1970.

Joseph Elkanich, pro se.

Robert J. Roth, U. S. Atty., Wichita, Kan., and Richard E. Oxandale, Asst. U. S. Atty., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

1. Leave being granted to file without prepayment of costs, petitioner filed his motion for an order to show cause and a declaratory judgment in the United States District Court for the District of Columbia on June 3, 1969. Elkanich is the only petitioner named in the body of the motion; the "et al" in the caption apparently refers to a number of persons who have signed not as parties, but as

persons who endorse the motion. Upon motion of the United States Attorney, the case was transferred from the United States District Court for the District of Columbia to the United States District Court for the District of Kansas by order of the former court entered on September 12, 1969. Respondents were given 60 days from that date to answer or otherwise plead, and all discovery was stayed pending further order of the United States District Court for the District of Kansas. The respondents filed a motion to dismiss on November 4, 1969, and thereafter, on December 1, 1969, Elkanich filed a memorandum opposing dismissal. Upon examination of the documents so filed together with the exhibits thereto attached, the Court makes the following findings and order.

2. Elkanich's motion recites that jurisdiction is invoked under 28 U.S.C. § 1651, § 2201 and § 2202, and that pursuant to 42 U.S.C. §§ 1981, 1983, 1988 and 2000d he moves the court for an order to show cause why legal materials, law references and related facilities of the law library at Leavenworth Penitentiary should not be made more readily accessible and why the Civil Rights Code of Title 42 U.S.C. should not be made available. He contends that the law library should be open on Saturdays, Mondays, holidays, and at other more convenient times; that prisoners should be permitted to take law books to their living quarters; that various laws, including Chapter 42 U.S.C. should be made available; that photocopy service and typewriters should be made available; and that he should have access to all the authorities which are available in public libraries to persons who are not incarcerated. He contends that he has exhausted his administrative remedies and in support thereof attaches copies of requests made to Warden Moseley, to the United States Commission on Civil Rights, and to various Senators and Representatives.

3. The Respondents move to dismiss the action on the ground that Elkanich has failed to state a claim upon which relief can be granted. In brief, respondents state that Elkanich's motion alleges no racial discrimination under 42 U.S.C. § 1981, and makes no claim of deprivation of any constitutional right under color of any state or territorial statute, ordinance, regulation, custom or usage under 42 U.S.C. § 1983; and the other statutes cited, 42 U.S.C. § 1988 and 2000d do not form additional remedies to the other statutes relied upon.

4. 42 U.S.C. § 1981 has as its objective the placing of the races upon a level, and to make the civil and criminal rights and responsibilities of all races exactly the same. Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667; 42 U.S.C. § 1983 provides a remedy for persons who are deprived of any rights secured by the Constitution, under color of any state or territorial statute, ordinances, regulations, custom or usage. The purpose of this section is to override certain kinds of state and local laws, and to provide a federal remedy where the state remedy was inadequate in theory or practice. Clearly, petitioner does not state a claim under §§ 1981 or 1983. 42 U.S.C. § 1988 and § 2000d are part of the Civil Rights Act but these do not provide a basis for relief upon the factual background described by Elkanich in his motion. They are wholly inapplicable to the situation at hand. Accordingly, this court holds as a matter of law that the Civil Rights sections cited by Elkanich do not afford grounds for relief upon the factual grounds set forth in the motion.

5. Elkanich also states that jurisdiction is invoked by virtue of the all-writs statute, 28 U.S.C. § 1651, and the declaratory judgment statutes, 28 U.S.C. §§ 2201 and 2202. The all-writ statute itself does not operate to confer jurisdiction; it may be invoked by the courts only in aid of jurisdiction which the courts already have. Benson v. State Board of Parole and Probation, 384 F.2d 238 (9th Cir. 1967). Likewise, the declaratory judgment statutes were not intended to confer federal jurisdiction where none existed: the purpose of these sections is to afford a remedy to one who

is uncertain of his rights and desires an early adjudication without having to wait until his adversary decides to bring suit. A further purpose of these sections is to to avoid a multiplicity of suits.

 6. The basic responsibility for the control and management of penal institutions lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear arbitrariness or caprice upon the part of prison officials. Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967). Actions of prison authorities, including the granting or withdrawing of claimed privileges by prisoners, are not reviewable by a court in the absence of specific allegations particularly showing a clear breach of duty on the part of the prison administrators. Murphy v. Surgeon General United States Public Health Service, 269 F.Supp. 227 (D.C.Kan.1967). State prison regulations limiting the times and places in which inmates may engage in legal research and in the preparation of legal papers have been held to involve no violation of civil rights, provided the purpose or effect thereof, or the means adopted in enforcing them, shall not unreasonably hamper inmates in gaining access to the courts. DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966); Hatfield v. Bailleaux, 290 F.2d 632, 638, 640 (9th Cir. 1961), cert. den. Petitioner has no constitutional right to the many legal references he mentions, and there is no statutory requirement setting forth the legal works which must be furnished in the prison library. Further, there is no showing that the prison regulations, relating to library hours and prohibiting the taking of legal text to living quarters, are capricious, nor that such regulations hamper inmates from gaining access to the courts. And from the regular flow of cases from the United States Penitentiary to this court, the court finds that the regulations do not do so. If an inmate believes that he has a meritorious reason for attacking his sentence, he must be given an opportunity to do so; but he has no due process right to spend his prison time or utilize prison facilities in an effort to discover a ground for overturning a presumptively valid judgment, and he need not be given the opportunity to acquire a legal education. Hatfield v. Bailleaux, *supra*. Further, there is no need for a habeas corpus petition to contain extensive legal citations. Coonts v. Wainwright, 282 F.Supp. 893 (D.C. Florida 1968). The Court concludes that respondents' motion to dismiss should be sustained.

7. It is ordered that the motion of respondents to dismiss this action be sustained and the case is dismissed. The Clerk is directed to transmit copies of this Memorandum and Order to petitioner and to the United States Attorney for the District of Kansas.