Edward Allen MEAD et al., Petitioners-Appellants,

v.

Jacob J. PARKER, Warden, Respondent-Appellee.

No. 71-2462.

United States Court of Appeals, Ninth Circuit.

July 20, 1972.

Eric Wright, School of Law, Santa Clara, Cal., Alice Daniel, William B. Turner, San Francisco, Cal., Lowell Johnston, Stanley A. Bass, New York City, for appellants.

Stan Pitkin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Mead and 26 others, all inmates of the Federal Penitentiary at McNeil Island, Washington, appeal from the dismissal of their action. We reverse.

The appellants' petition is labelled a petition for writ of habeas corpus or, in the alternative, for declaratory and injunctive relief. It purports to be a class action, filed on behalf of either all inmates of the institution (over 1,000), or alternatively, the 500 inmates to whom permits to use the "writ room" have been issued. In essence, the allegations are that each of the 27 named petitioners is seeking relief of various sorts in various courts, state and federal, that each is acting in *pro. per.* in so doing, being without funds to employ counsel or to buy law books or other needed legal materials, and that the supply of law books at the prison is so inadequate as to make it impossible for them to prosecute their legal proceedings. There is in the petition a list of the law books available, and, if the allegation is true, it clearly shows that the library is even more deficient than the one found to be insufficient in Gilmore v. Lynch, N.D. Cal., 1970, 319 F.Supp. 105, aff'd sub

nom. Younger v. Gilmore, 1971, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142.

The district court dismissed the action, *sua sponte,* on two grounds: (1) that it is not a proper class action, and (2) that it is not the function of the courts to superintend the control and management of prisoners in federal penitentiaries (citing Stroud v. Swope, 9 Cir., 1951, 187 F.2d 850, and In re Taylor, 9 Cir., 1951, 187 F.2d 852, cert. den., 1951, 341 U.S. 955, 71 S.Ct. 1008, 95 L.Ed. 1376). The court did not issue an order to show cause under 28 U.S.C. § 2243; no responsive pleading has been filed; no hearing has been held. We therefore must, for the purpose of this appeal, treat the allegations of the petition as true.

The district court's second ground for dismissal can be construed as a holding that the petition does not state a claim upon which relief can be granted or as a holding that the court lacked jurisdiction. We do not agree with either holding.

1. *Statement of a claim.*

 It was not proper to dismiss on the ground that the court may not interfere with the executive in its administration of a penitentiary. Courts are naturally reluctant to interfere. Stroud v. Swope, *supra*; In re Taylor, *supra*. But prisoners do have constitutional rights, Cooper v. Pate, 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030, including a right of access to the courts, Ex parte Hull, 1941, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034. Prison officials are bound to respect them, and if they do not the courts will grant relief. *See, e. g.,* Jackson v. Bishop, 8 Cir. 1968, 404 F.2d 571 (Blackmun, J.); Gilmore v. Lynch, *supra,* 319 F.Supp. at 108–109. Here petitioners claim that the refusal of the prison authorities to provide them access to adequate legal materials deprives them of two constitutional rights. The first is their right to access to the courts, guaranteed by the due process clause of the Fifth Amendment. The second is their right not to be discrimi-

nated against by reason of their poverty, also guaranteed by the due process clause. See Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884. We have no doubt that, under Gilmore v. Lynch, *supra*, and Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718, the named petitioners have stated a prima facie case under both theories. See also Cruz v. Hauck, 1971, 404 U.S. 59, 92 S.Ct. 313, 30 L.Ed.2d 217. The only question then, is whether the present action is a proper vehicle for the assertion of their claims. We hold that it is.

### 2. Jurisdiction.

#### a. Habeas corpus.

The District Court for the Western District of Washington, where the petition was filed, does not have jurisdiction under 28 U.S.C. § 2255. None of the petitioners asserts that he is confined under a judgment of that court.[1] However, it can be argued that § 2255 precludes habeas corpus jurisdiction here. We think not. The petitioners here do not claim that their sentences were "imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" nor are they "claiming the right to be released upon [any of the foregoing] ground[s]" (§ 2255). Thus § 2255 does not, on its face, apply at all.

Even if we were to hold, by an expanded construction of the foregoing language, that this case falls within it, that would not decide the question. The section expressly permits resort to habeas corpus in cases in which it "appears that the remedy by motion is inadequate or ineffective to test the legality of his [the prisoner's] detention." We think that this is such a case.

If we were to relegate the petitioners to a § 2255 remedy, the result could be the filing of 27 separate motions in 27 different district courts, scattered from Alaska to Alabama. None but the district court for the Western District of Washington would have jurisdiction over, the warden of the penitentiary, who is the respondent. Yet it is only his actions, not those of the respective sentencing courts, that are attacked. Surely, under these circumstances, the remedy by motion under § 2255, assuming that it exists, is "inadequate" and perhaps "ineffective" as well.

Nor can it be said that habeas corpus is not available because the petitioners do not ask to be released from custody, but only that certain aspects of that custody be found illegal and corrected. The Supreme Court has permitted the use of the writ for just such purposes. Johnson v. Avery, *supra*.

#### b. The Mandamus Act.

If this were a petition by state prisoners against a state custodian, it could be treated as a complaint under the Civil Rights Act, 42 U.S.C. § 1983, Wilwording v. Swenson, 1971, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418. Petitioners do not claim that this is such a case. The Civil Rights Act deals with acts done under color of state law. (42 U.S.C. § 1983; 28 U.S.C. § 1343). Here, the warden is a federal official acting under color of federal law. Long v. Parker, 3 Cir., 1968, 390 F.2d 816, 819; Walker v. Blackwell, 5 Cir., 1966, 360 F.2d 66, 67. But the wrong done, if any, is just as much a violation of the federal Constitution as if done by a state official. As the Court said in Bolling v. Sharpe, *supra*, "[I]t would be unthinkable that the same Constitution would impose a lesser duty on the Fed-

---

1. In the case of several petitioners, it affirmatively appears that the conviction was elsewhere; Mead, in the District of Alaska; Kitchell, in the Southern District of California; Young, in the Northern District of Alabama; Pasterchick, in the District of Oregon. As to the others, the record is silent.

eral Government." (347 U.S. at 500, 74 S.Ct. at 695.)

■ The Mandamus Act, 28 U.S.C. § 1361, 76 Stat. 744 (1962), confers upon the district courts jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." We think that this is just such an action. It has been expressly held that a court may treat a petition for a writ of habeas corpus as a petition for relief under this section. Taylor v. Blackwell, 5 Cir., 1969, 418 F.2d 199, 201; United States ex rel. Schonbrun v. Commanding Officer, 2 Cir., 1968, 403 F.2d 371, 374; Long v. Parker, *supra*; Walker v. Blackwell, *supra*. We so hold here.[2]

### c. The All-Writs Act.

■ The All-Writs Act, 28 U.S.C. § 1651, does not confer jurisdiction; it merely authorizes the use of "all writs necessary or appropriate in aid of . . . " jurisdiction that the court already has. Stafford v. Superior Court, 9 Cir., 1959, 272 F.2d 407, 409. However, because the court has jurisdiction, both under 28 U.S.C. § 2241(a) and under 28 U.S.C. § 1361, it can issue appropriate writs under § 1651. This includes an injunction, for which petitioners pray. *Cf.* F.T.C. v. Dean Foods Co., 1966, 384 U.S. 597, 603–605, 86 S.Ct. 1738, 16 L. Ed.2d 802.

### 3. *Class action.*

The district court also held that habeas corpus is not an appropriate vehicle for a class action, and dismissed the action on that ground. For two reasons, the court was in error.

■ First, assuming that this is not a proper case to treat as a class action,

that is not a ground for dismissing it. Nothing in Rule 23, F.R.Civ.P. contemplates that an action shall be dismissed if the court determines that it cannot be maintained as a class action. In all actions, whether determined to be class actions or not, there are individuals who bring the action asserting claims for relief in their own behalf. Here, there are 27 of them. The class action *vel non* decision does not determine the merits of their claims, and it is improper to dismiss them because the action is not a class action.

■ Moreover, we think that it was error to decide the question without a hearing. The complaint makes a prima facie showing that would justify treating the action as a class action. The legal and factual issues affect every indigent inmate who now does or may in the future wish to commence or defend a proceeding in court. It is alleged that there are 500 or more of them. Any relief that might be afforded would benefit them all. It would hardly make sense to direct only that the specific books mentioned by each petitioner as needed by him be supplied. Compare Gilmore v. Lynch, *supra*. It may be that the court will ultimately decide that it is unnecessary to treat this as a class action, perhaps on the theory that, if the petitioners are entitled to relief, the relief will benefit all inmates, whether made parties or not. Or, the court might decide to treat the case as a class action on one or more of the grounds stated in Rule 23(b). A court has considerable latitude in deciding how best to proceed. *Cf.* Royster v. McGinnis, S. D.N.Y., 1971, 332 F.Supp. 973, 980–981.

■ Nor can we agree that a petition for a writ of habeas corpus can never be treated as a class action. Certainly the usual habeas corpus case relates only to the individual petitioner and to his

---

2. The same statute makes it possible to join other officials as defendants if the trial court determines that such joinder is necessary, 28 U.S.C. § 1391(e), added by Pub.L. 87–748, 76 Stat. 744, 1962.

unique problem. But there can be cases, and this is one of them, where the relief sought can be of immediate benefit to a large and amorphous group. In such cases, it has been held that a class action may be appropriate. Inmates of Attica Correctional Facility v. Rockefeller, 2 Cir., 1971, 453 F.2d 12, 24.

Moreover, the objections to a class action that rest upon the unique character of habeas corpus are not applicable to an action under 28 U.S.C. § 1361, any more than they are to an action for comparable relief under the Civil Rights Act. *Cf.* Jackson v. Bishop, *supra,* 404 F.2d at 573.

Finally, it was improper for the court to dismiss *sua sponte* and without a hearing. See Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; Potter v. McCall, 9 Cir., 1970, 433 F.2d 1087, and cases cited. This is particularly true where, as here, the petition does state a claim for relief.

For all of the foregoing reasons, the judgment must be reversed. We add, however, caveats as to what we do *not* decide. First, we do *not* hold that the court must treat the action as a class action. That is a question for the court to decide in a proceeding under Rule 23, F.R.Civ.P. Second, we do *not* hold that the plaintiffs are entitled to any relief. As is pointed out in Gilmore v. Lynch, *supra,* "[t]he alternatives open to the [government] are legion." (319 F. Supp. at 110.) Appellee asserts in brief that adequate means of access to the courts by indigent inmates are now being provided. There is nothing in the record to support this assertion. Whether that is so is for the trial court to decide, after appropriate proceedings. All that we hold is that the court has jurisdiction, that the petition states a claim for relief, and that the court must proceed to hear and decide the case in an orderly fashion.

Reversed and remanded for further proceedings consistent with this opinion.