Jack McCARTY, Appellant,

v.

R. N. WOODSON, Director Kansas Penal Institutions, Appellee.

No. 71-1066.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1972.

Gillard Cohen, Wichita, Kan., for appellant.

Pete Farabi, Asst. Atty. Gen. (Vern Miller, Atty. Gen. of Kansas, and Edward G. Collister, Asst. Atty. Gen., Topeka, Kan., on brief) for appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal follows dismissal of a civil rights action challenging the constitutionality of a Kansas amended regulation governing correspondence, legal materials, assistance and preparation of legal papers in penal institutions. Appellant McCarty alleged that the regulation denies equal protection and due process, among other things, and sought temporary and permanent injunctive relief, a declaratory judgment and the convening of a three-judge court. The trial court refused to give notice for the three-judge tribunal, determined that the action was frivolous, malicious and without merit and dismissed the case. This court granted leave to appeal in forma

pauperis and appointed counsel who has briefed and argued appellant's case.

Appellee Woodson, Director of Kansas Penal Institutions, promulgated the amended regulation by amending Rule D–4602 of the Rules and Regulations of the Director of Penal Institutions in September, 1970, pursuant to Kansas Statutes Annotated 75–20d04. The amendment was immediately sent to the superintendents and wardens of the several penal institutions of the State. Rule D–4602 as amended is set out in the margin.[1] For reasons discussed below we note particularly that the regulation provides that inmates shall receive legal publications from no source other than the publisher or official custodians of documents, which ". . . shall preclude all gifts of legal publications . . . ." "Legal publication" is defined to include any book, essay, treatise, decision or any other printed material purporting to be a statement of law or containing legal citations. The Rule further states that correspondence shall be permitted between an inmate and courts, judges and attorneys, providing however that no correspondence from these sources may be retained by an inmate when it contains legal citations.

Appellant has briefed and argued several propositions in challenging validity of the Rule. However, for purposes of

---

1. "RULES AND REGULATIONS OF THE DIRECTOR OF PENAL INSTITUTIONS Rule D–4602 (as amended)
   "For purposes of this rule and as used herein the following definitions of terms shall apply:
   " 'Pleading' shall mean any writ, petition, or motion or any other document prepared for presentation to a court of law, either of the State of Kansas or the United States of America;
   'Legal Publication' shall mean any book, essay, treatise, or decision or any other printed material purporting to be a statement of law or any printed material containing legal citations.
   All other terms herein shall be given their plain and ordinary meaning.
   "No pleading prepared at any place other than within the institution main library shall be mailed. Exception to this provision shall be made for inmates confined in the Adjustment and Treatment Building; inmates there confined shall be allowed to prepare pleadings in their cells during hours designated by the institution head.
   "The institution main library shall not be utilized for the preparation of pleadings except during the hours designated by the institution head but not fewer than thirty hours per week. Utilization of the institution main library for preparation of pleadings shall be by appointment only, said appointments being for a period of three hours per inmate per appointment.
   "Inmates shall receive legal publications from no source other than the publisher or official custodians of documents. This shall preclude all gifts of legal publications.
   "Correspondence shall be permitted between an inmate and courts, judges, and attorneys; however, no correspondence received from these sources may be retained by an inmate when such correspondence contains legal citations.
   "No legal documents, publications, materials, or copies of pleadings which may be used in the preparation of pleadings may be retained in the cells of the institution but rather shall remain in the institution main library.
   "All pleadings shall be prepared in the pleader's (inmate's) own handwriting unless such inmate be illiterate or permanently or temporarily incapacitated and thereby unable to prepare the pleading in his own handwriting.
   "All pleadings shall be legible and prepared on standard paper, 8½ inches by 11 inches.
   "A copy of very pleading shall be prepared for the institution records office which copy shall be maintained as part of the submitting inmate's permanent record; accompanying the copy prepared for the records office shall be a notarized statement that any assistance received from fellow inmates in the preparation of the pleading was given freely, voluntarily and without any type of payment for such assistance; said notarized statement shall be signed by the assisting inmate/inmates and the inmate filing the pleading. Such assistance shall be rendered within the institution main library only.
   "Infractions of this rule or any portion thereof will result in serious disciplinary action being taken against the violator/violators.
   "Rules and Regulations of the Director of Penal Institutions, Rule D–4602, effective July 1, 1968, relating to inmate assistance is hereby repealed."

disposition that we feel proper, we are called on only to determine whether any of the constitutional claims presents a substantial federal question calling for the convening of a three-judge court, or whether the allegations were patently insubstantial so that the denial of the notice for the special tribunal and the dismissal by the single judge of the action as frivolous were proper. See Swift & Co. v. Wickham, 382 U.S. 111, 114–115, 86 S.Ct. 258, 15 L.Ed.2d 194; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794; and Firkins v. Colorado, 434 F.2d 1232 (10th Cir.). There is a further issue raised as to whether the amended Rule is an administrative order of the sort calling for a three-judge court under 28 U.S.C. § 2281. We turn to the averments in appellant's pleadings and the provisions of the amended Rule to consider these issues.

Appellant alleges that he is an inmate of the Kansas State Penitentiary at Lansing; that he brings the action on his own behalf and as a person representing a class whose members make it impracticable to bring them all before the court; that some ten of such class are named who are not all thereof, and who are said to join in the action; that he is subject to appellee Woodson's regulations; that under the challenged order he may not possess any letter from his lawyer or from any judge or court that contains a legal citation; that the order confiscates, under pain of punishment, any personal property in matters of law; that appellant is serving a sentence of 45 years and that such material as he possesses may shorten or terminate that sentence; that by loss of his correspondence and legal material pertaining to his own case, appellant will suffer irreparable harm; that he has spent five years gathering such material through research and reading; and that such material consists of legal citations and case law that apply to his own particular case. Appellant asked for temporary relief against confiscation or removal of legal correspondence, material, books and the like from his possession, and a letter to the Court thereon filed in the case states that appellant has a pending action on which he had a letter and brief from counsel that he was shown but not allowed to have and that he left them in the library under protest. His motion and affidavit seeking to proceed in forma pauperis aver his poverty and inability to pay costs and fees. Violation of the due process and equal protection clauses and of other federal constitutional guarantees is claimed.

■ The State may impose reasonable restrictions and restraints on the acknowledged propensity of prisoners to abuse the giving and seeking of assistance in preparing applications for relief, for example by limitations on the time and location of such activities and imposition of punishment for giving or receipt of consideration in connection with such activities. See Johnson v. Avery, 393 U.S. 483, 490, 89 S.Ct. 747, 21 L.Ed.2d 718; Elkanich v. Alexander, 315 F.Supp. 659, 662 (D.Kan.), aff'd., 430 F.2d 1178 (10th Cir.). However, reasonable access to the courts is a constitutional imperative protected against government interference by due process principles.[2] Moreover, discriminatory treatment of indigents as to legal proceedings may contravene the equal protection and due process guarantees.[3]

---

2. See Ex parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034; White v. Ragen, 324 U.S. 760, 762, 65 S.Ct. 978, 89 L.Ed. 1348; Gilmore v. Lynch, 319 F. Supp. 105, 109 (N.D.Cal.), aff'd. sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142; Harbolt v. Alldredge, 464 F.2d 1243 (10th Cir., 1972); Mead v. Parker, 464 F.2d 1108 (9th Cir., 1972); and Hatfield v. Bailleaux, 290 F.2d 632, 636 (9th Cir.).

3. Gilmore v. Lynch, supra, 319 F.Supp. 105 at 109. See also James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972); Long v. District Court of

■ We have referred above to the provisions of the amended Rule that inmates shall receive "legal publications" as defined from no source other than the publisher or official custodians of documents, and the prohibition of all gifts of "legal publications," and to the provision barring retention by an inmate of correspondence from courts, judges and lawyers containing legal citations. Without in any way determining the validity of these or other provisions of the Rule we nevertheless feel that appellant's claims may not be dismissed as insubstantial. These claims involve operation of the Rule generally and against indigents like appellant, such as by prohibiting material defined as "legal publications" given to inmates, but not such material purchased by inmates able to do so, and by restricting the sources of such materials. Considering all the circumstances we cannot agree that the request for the three-judge court and the complaint should have been dismissed for lack of a substantial constitutional claim. See Saiz v. Goodwin, 450 F.2d 788 (10th Cir.).

The State also argues that the amended Rule is not an order of an administrative board or commission within the meaning of 28 U.S.C. § 2281 and that the Rule is not of general statewide application. For these added reasons it is contended that the case is not one calling for a three-judge court. In a memorandum and order preceding the dismissal of the action the trial court stated that the order attacked is not a statute or an administrative order made under State statutes by an administrative board or commission and requiring a three-judge tribunal, but at most might be characterized as a departmental regulation. The court made no determination of the statewide applicability of the amended Rule.

After entry of this memorandum and order appellee filed a motion to dismiss attaching an affidavit and a full copy of the order, which was not earlier furnished to the trial court. The affidavit of appellee states that he is the Director of Penal Institutions for Kansas under Kansas Statutes Annotated 75–20d01; that on September 11, 1970, he approved this amendment of the Rules and Regulations of the Director of Penal Institutions; that a copy of the amendment, Rule D–4602, was attached, as reproduced above; and that the amendment was promulgated pursuant to Kansas Statutes Annotated 75–20d04. This statute provides that defined types of rules and regulations of the state board of penal institutions continue in effect as the rules and regulations of State Director of Penal Institutions until revoked or amended. The affidavit further said the amendment was being immediately sent to the superintendents and wardens of the "several penal institutions of Kansas to facilitate immediate implementation."

■ A single judge, and not a three-judge court, must hear the case where the statute or regulation is of only local import. Board of Regents v. New Left Educational Project, 404 U.S. 541, 542, 92 S.Ct. 652, 30 L.Ed.2d 697, and cases there cited. However, from our examination of the Kansas statutes it appears the amended Rule applies to the State Penitentiary at Lansing, the Kansas Correctional Institution for Women at Lansing, and the State Industrial Reformatory at Hutchinson.[4] Thus, the affidavit and amended Rule furnished in our record by appellee may show a regulation of sufficient statewide application to call for a three-judge court. See, e. g., Gilmore v. Lynch, 400 F.2d 228 (9th Cir.), cert. denied, 393 U.

---

Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L. Ed.2d 290; Rinaldi v. Yeager, 384 U.S. 305, 310, 86 S.Ct. 1497, 16 L.Ed.2d 577 and cases there cited.

4. Kansas Statutes Annotated §§ 75–20d40, 76–2301, 76–2404, 76–2504. It appears that the regulation may also apply to additional institutions, the reception and diagnostic center, § 76–24a04, and a minimum security institution, § 76–24b03.

S. 1092, 89 S.Ct. 854, 21 L.Ed.2d 783.[5] Moreover, such an order by a single administrator may be as authoritative in establishing state policy as if announced by a board of more than one member, thus amounting to an administrative order of a board or commission within the meaning of § 2281. Id. at 230. See also Herkness v. Irion, 278 U.S. 92, 49 S.Ct. 40, 73 L.Ed. 198; McCormick & Co. v. Brown, 52 F.2d 934, 937 (4th Cir.), aff'd., 286 U.S. 131, 52 S.Ct. 522, 76 L. Ed. 1017.

On these points concerning the amended Rule this record may meet the requirements of § 2281. However the State seriously contends otherwise and the record is not entirely clear. We are admonished that the three-judge court statute is strictly construed. Board of Regents v. New Left Educational Project, supra, 404 U.S. at 545, 92 S.Ct. 652. Therefore we feel we should not decide on the present record whether the challenged Rule is an administrative order within the meaning of § 2281, and one with statewide application as required by the three-judge statute. Instead we believe that the District Court as a single judge should have the opportunity for further proceedings to reconsider these points concerning the Director's order. If the amended Rule is found to be an administrative order of statewide application coming within § 2281, a three-judge court should be requested to consider the constitutional claims which we conclude are not insubstantial; if the Rule is viewed as not so qualifying, the cause should be determined by the District Court as a single judge.

Accordingly the judgment is vacated and the cause is remanded for further proceedings consistent herewith.

5. After remand this case challenging the California penal library regulations was heard on the merits by a three-judge court. Its judgment holding portions of such regulations invalid was affirmed by the Supreme Court. See Gilmore v. Lynch, 319 F.Supp. 105 (N.D.Cal.), aff'd. sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142.