Winnie Mae **KNUCKLES** et al.,
Plaintiffs,

v.

**Casper WEINBERGER, Secretary United
States Department of Health, Educa-
tion and Welfare, Defendant.**

No. C-72 1506 ACW.

United States District Court,
N. D. California.

Aug. 7, 1973.

Marjorie Gelb and Alan Neckritz, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty. by James A. Bruen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ORDER DISMISSING COMPLAINT

WOLLENBERG, District Judge.

This lawsuit presents the question of whether recipients of social security payments in the form of retirement, survivors or disability benefits are entitled to prior notice and evidentiary hearings before their benefits are suspended by the Secretary of the Department of Health, Education and Welfare in order to recoup overpayments. The Secretary is required by 42 U.S.C. § 404(a)(1) to seek immediate repayment from overpaid persons, or to decrease payments to which the beneficiary would otherwise be entitled until the entire overpayment has been recovered. Section 404(b),

however, limits the applicability of subsection (a) as follows:

"In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

The Social Security Administration has adopted regulations implementing § 404 which set forth specific procedures which a beneficiary must follow if he wishes to contest the determination of an overpayment. These regulations do not provide any beneficiary with an opportunity for an oral evidentiary hearing prior to suspension of benefits. Nor do they provide recipients of retirement benefits with prior notice of a suspension when the finding of an overpayment is based upon the recipient's statements in his annual report.

The matter came on for hearing on defendant's motion for dismissal or summary judgment and plaintiffs' motion for a preliminary injunction. At the hearing on these motions, counsel for both parties agreed that the hearing on the merits should be consolidated with the hearing on the preliminary injunction pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. Both parties presented their positions orally. In addition, further briefs were filed prior to taking the case under submission.

■ At the outset the Court must address defendant's motion to dismiss for lack of jurisdiction. Plaintiff contends that jurisdiction is conferred by 28 U.S. C. § 1331 and § 1361. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 is also set forth, but it does not provide an independent jurisdictional base. Brownell v. Ketcham Wire and Manufacturing Co., 211 F.2d 121, 128 (9th Cir. 1954).

Defendant contends that there is no jurisdiction under § 1331 because the amount in controversy does not exceed $10,000. It is clear that in no individual case will the amount of the overpayment subject to recoupment approach $10,000. Hence, the jurisdictional requirement can be met only if the claims of the class may be aggregated. Defendant relies upon Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) and dictum in Mills v. Richardson, 464 F.2d 995, 1001 (2d Cir. 1972) for the proposition that aggregation of class claims is not proper. The court in *Mills* stated:

"[I]t seems doubtful that, even if the district court were to deem class action designation appropriate under F. R.Civ.P. 23(b)(2), aggregation of the claims of those members of the class against whom recoupment had been initiated for 'fault' in the receipt of overpayments would be permissible under Snyder v. Harris . . . ." 464 F.2d at 1001.

■■ This Court has ordered that the action proceed as a class under Rule 23(b)(2), and is thus squarely faced with the jurisdictional problem anticipated in *Mills*. In *Snyder*, the Supreme Court held that the adoption of amended Rule 23 did not change the scope of the congressionally enacted grant of jurisdiction to the district courts under 28 U.S.C. § 1332. Aggregation of claims for purposes of meeting the amount in controversy requirement is permitted only in those instances in which it was permitted under the old Rule 23—in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant, and in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest. This case does not fall within either of those categories, and the claims of the class cannot be aggregated. Accordingly, the Court does not have jurisdiction under § 1331.

The duty plaintiffs seek to enforce in order to establish jurisdiction under § 1361 has its origins in the Due Process Clause of the Fifth Amendment, as in-

terpreted in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In that case, the court held that the Due Process Clause requires that welfare recipients be afforded an oral hearing *before* the termination of their benefits in order to determine the validity of the welfare department's grounds for discontinuance of payments. 397 U.S. at 267, 90 S.Ct. 1011. In the present case, the initial determination by defendant that an overpayment has been made is not being questioned. Indeed, unlike the *Goldberg* circumstances, the basis for finding that there has been an overpayment is information supplied by the recipients of retirement benefits, and the records of the Administration as to recipients of survivors and disability benefits. Statements by others have no part in the determination. What plaintiffs challenge in this case is the need for an oral hearing in order to establish the facts set forth in § 404(b) which would entitle the recipient to a waiver of recoupment. In addition, the failure to give recipients of retirement benefits prior notice of overpayment and recoupment is challenged. These are not questions that were raised in *Goldberg*. Nor has any other decision by the supreme court or any of the circuit courts of appeal reached these questions in the context of Social Security Administration practices.

The question to be decided in this case on the merits is whether the Fifth Amendment requires that the Administration alter its procedures and regulations. Hence, the nature and scope of the duties sought to be compelled are not plainly and positively ascertained, and free from doubt. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218–219, 50 S.Ct. 320, 74 L.Ed. 809 (1930); Burnett v. Tolson, 474 F.2d 877, 880 (4th Cir. 1973); Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969).

It is this lack of certainty as to the nature of defendant's duties which distinguishes this case from Mead v. Parker, 464 F.2d 1108, 1112 (9th Cir. 1972) where the court held that jurisdiction under § 1361 was appropriate. In that case, the adequacy of a prison library was challenged. If the allegations of the complaint were true, the court noted that the library was even more deficient than the one found to be insufficient in Gilmore v. Lynch, 319 F.Supp. 105 (N. D.Cal.1970) aff'd sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L. Ed.2d 142 (1971). The existence and the scope of the duty had been established in *Younger*; the only question was whether plaintiff could prove his case.

 In the case at bar, there is little doubt as to the facts alleged in the complaint. But the question of law at the heart of the complaint is uncertain. "[W]here the duty is not thus plainly prescribed . . . it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." *Wilbur, supra.* Under these circumstances, the action must be dismissed for lack of subject matter jurisdiction. It is so ordered.