**Arthur L. HAMRICK, Plaintiff,**

v.

**Robert R. RAINES, Director of Penal Institutions, and Robert A. Atkins, Acting Warden Kansas State Penitentiary, Defendants.**

**No. L–1473.**

United States District Court,
D. Kansas.

June 28, 1974.

Thomas M. Dawson, Leavenworth, Kan. (court appointed), for plaintiff.

Edward G. Collister, Jr., Sp. Asst. Atty. Gen., Lawrence, Kan., for defendant.

Before HILL, Circuit Judge, O'CONNOR, District Judge, and STANLEY, Senior District Judge, Assigned.

## OPINION

PER CURIAM.

Arthur L. Hamrick and another inmate of the Kansas State Penitentiary filed this civil rights action challenging the validity of Rule D–4602 of the Rules and Regulations issued by Robert N. Woodson, then Kansas Director of Penal Institutions. Both Mr. Woodson and Raymond J. Gaffney, then warden of the penitentiary, having resigned, their successors, Robert R. Raines and Robert A. Atkins respectively, have been substituted as defendants, each in his official capacity. Originally, the plaintiffs sought to bring the action under both the Civil Rights Act (42 U.S.C.A. § 1983) and under the habeas corpus statute (28 U.S.C.A. § 2241). Hamrick claimed that the defendants were denying him the right to keep certain legal material in his cell.

A single judge of this court granted leave to proceed in forma pauperis, found that the action was frivolous, and ordered it dismissed. Only Hamrick appealed from the judgment of dismissal. The United States Court of Appeals for the Tenth Circuit vacated the dismissal and remanded the case for further consideration in light of McCarty v. Woodson, 465 F.2d 822 (10th Cir. 1972). On remand this action was consolidated with McCarty (No. L–1452), the cases were set for hearing, and counsel was requested to assist the plaintiffs. Thereafter, McCarty voluntarily dismissed his action with prejudice, so that Hamrick is the sole remaining plaintiff. On the basis of stipulations submitted by the parties, the single-judge court concluded that Rule D–4602 was of state-wide application and requested the convening of this three-judge panel.

This court, after consideration of the stipulation of facts and the briefs of the parties, makes the following findings of fact:

1. Plaintiff is presently serving a term of thirty years imprisonment at the Kansas State Penitentiary, Lansing, Kansas pursuant to the judgment and sentence of the District Court of Saline County, Kansas.

2. On September 16, 1970, the Director of Penal Institutions of the State of Kansas adopted Rule D–4602 pursuant to statutory authority granted him by the state legislature.

3. Rule D–4602, which is set out in an appendix to this opinion, is presently in effect and enforced at the Kansas State Penitentiary, Lansing, Kansas and at other state penal institutions. It is of state-wide application.

4. Rule D–4602 was implemented by the adoption of a memorandum outlining procedures applicable to inmates housed in the Adjustment and Treatment Building at the penitentiary. The memorandum reads:

"In accordance with the new ruling set down by the Director on legal papers, letters, etc., I am making room in the filing cabinet in my office for the filing of your legal papers that you have in a court action *now*. All other legal papers will have to go to the library for filing and storage.

"The only papers you will keep in the A&T Building is for a writ or appeal that you are working on at the present time. You will be allowed five (5) days to prepare your case. Your papers will be turned into the A&T Office when you send your papers for notary service. I will keep them on file until you are notified by the court that your appeal has been received and given a case number. I then will take your file to the library. Any papers that you have to have, you will have to send a form # 9 to the library.

"Any legal material that you have in your cells I will pick up Monday, October 19, 1970, with the aid of a porter.

"This is in accordance with Rule D–4602, set by the Director of Penal Institutions."

5. The plaintiff has been confined at the Adjustment and Treatment Building at his own request since September 16, 1970.

6. From September 1, 1970 to November, 1973, the date of the stipulation, the plaintiff initiated five actions in the state and federal courts of Kansas, not including this action.

7. The plaintiff has not been subjected to deprivation of his personal legal materials or denied access to the courts.

8. The plaintiff has stipulated that the agreed facts comprise "all the factual evidence relevant to petitioner's claims."

Although the plaintiff's original claim was that he was being deprived of his personal legal effects, counsel for both parties have treated the sole issue as one of denial of access to the courts. Basically, the plaintiff's contention is that the rule in question impermissibly infringes upon his right to his personal legal materials and hence upon his right to access to the courts. The facts stipulated do not support either claim. To the contrary, it is established by the stipulation not only that the plaintiff was not deprived of his right to seek judicial action, but that he has exercised the right at least five times. No showing has been made that the adoption or use of procedures implementing the regulations prevented the plaintiff from presenting his claims to the courts or hampered him in that endeavor.

In challenging the validity of a statute or regulation, the plaintiff must do more than invoke the popular and often repeated conclusory claims of infringement of constitutional rights. In order to overcome the court's justifiable reluctance to intervene in prison administration, he must show not only that his constitutional rights are affected by the challenged regulation, but also that they are infringed upon to such a degree as to render the justifications offered by the state inadequate and unreasonable. Gilmore v. Lynch, 319 F.Supp. 105, 109 (N.D.Cal.1970), aff'd, sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S. Ct. 250, 30 L.Ed.2d 142 (1971).

Plaintiff has failed to show that he has in fact been deprived of his personal legal materials. At most he has suggested that enforcement of the applicable memorandum under the rule *might* result in *regulation of his access* thereto. This does not demonstrate that he has been deprived of his property.

While the court is satisfied that the plaintiff has, by merely stipulating to the language of the rule, failed to show that his rights are affected, it will assume, *arguendo* that he had.

On its face, the rule is intended to regulate the use of the prison law library and the collection of legal materials in cells. The defendants argue that it is further directed at curbing abuse arising from the giving of legal advice to fellow inmates by jailhouse lawyers and at eliminating potential fire hazards.

Prison authorities may reasonably regulate the giving and receipt of legal advice by inmates. Johnson v. Avery, 393 U.S. 483, 490, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Regulations aimed at controlling fire hazards are in keeping with the defendants' duty to provide for the security of the institution and the safety of the inmates and staff.

Even assuming that the plaintiff had met his first burden, it is clear that he has introduced no evidence that the regulation infringes upon his rights to such a degree as to overcome the justifications suggested by the defendants. Gilmore v. Lynch, *supra*. The court is satisfied that this action is frivolous within the meaning of 28 U.S.C.A. § 1915(d). It is, therefore, dismissed.

## APPENDIX

### RULE D–4602

"For the purposes of this rule and as used herein the following definitions of terms shall apply:

'Pleading' shall mean any writ, petition, or motion or any other document prepared for presentation to a court of law, either of the State of Kansas or the United States of America;

'Legal Publication' shall mean any book, essay, treatise, or decision or any other printed material purporting to be a statement of law or any printed material containing legal citations.

All other terms herein shall be given their plain and ordinary meaning.

No pleading prepared at any place other than within the institution main library shall be mailed. Exception to this provision shall be made for inmates confined in the Adjustment and Treatment Building; inmates there confined shall be allowed to prepare pleadings in their cells during hours designated by the institution head.

The institution main library shall not be utilized for the preparation of pleadings except during the hours designated by the institution head but not fewer than thirty hours per week. Utilization of the institution main library for preparation of pleadings shall be by appointment only, said appointments being for a period of three hours per inmate per appointment.

Inmates shall receive legal publications from no source other than the publisher or official custodians of documents. This shall preclude all gifts of legal publications.

Correspondence shall be permitted between an inmate and courts, judges, and attorneys; however, no correspondence received from these sources may be retained by an inmate when such correspondence contains legal citations.

No legal documents, publications, materials, or copies of pleadings which may be used in the preparation of pleadings may be retained in the cells of the institution but rather shall remain in the institution main library.

All pleadings shall be prepared in the pleader's (inmate's) own handwriting unless such inmate be illiterate or permanently or temporarily incapacitated and thereby unable to prepare the pleading in his own handwriting.

All pleadings shall be legible and prepared on standard paper, 8½ inches by 11 inches.

A copy of every pleading shall be prepared for the institution records office which copy shall be maintained as part of the submitting inmate's permanent record; accompanying the copy prepared for the records office shall be a notarized statement that any assistance received from fellow inmates in the preparation of the pleading was given freely, voluntarily and without any type of payment for such assistance; said notarized statement shall be signed by the assisting inmate/inmates and the inmate filing the pleading. Such assistance shall be rendered within the institution main library only.

Infractions of this rule or any portion thereof will result in serious disciplinary action being taken against the violator/violators.

Rules and Regulations of the Director of Penal Institutions, Rule D–4602, effective July 1, 1968, relating to inmate assistance is hereby repealed."