**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM EARL TUCKER and
WILLIAM FRANK SCHLICHER,

      Plaintiffs-Appellants,

v.

GOVERNOR BILL GRAVES,

      Defendant-Appellee.

No. 96-3015
(D.C. No. 95-CV-3527)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, EBEL, and BRISCOE, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs William Earl Tucker and William Frank Schlicher, appearing pro se and in forma pauperis,[1] appeal from the district court's dismissal of their civil rights action filed under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiffs are Kansas state inmates housed in different facilities. They challenge a prison policy, effective January 1, 1996, that prohibits interinstitutional mail except between immediate family members. Plaintiffs allege in a conclusory fashion that they are co-plaintiffs in one or more lawsuits pending in other courts and have a need to correspond with each other to advance

---

[1]    The district court denied plaintiffs' motion to proceed in forma pauperis on appeal, certifying that the appeal was legally frivolous and not taken in good faith. Plaintiffs then filed a motion to proceed in forma pauperis on appeal in this court.

Because plaintiffs filed their notice of appeal on January 5, 1996, before the enactment of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), the amended standard for granting in forma pauperis status under 28 U.S.C. § 1915 does not apply. See White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, 117 S. Ct. 528 (1996). We therefore determine plaintiffs' motion to proceed in forma pauperis on appeal under the old standard; that is, based on whether they have raised "'a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" Id. (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)). Under this standard, we grant plaintiffs' motion to proceed in forma pauperis on appeal.

this other litigation. They seek, among other relief, declaratory and injunctive relief, and the convening of a three-judge panel.

The district court read the complaint as asserting a general right among prison inmates, wherever housed, to assist each other in litigation. Because it has already been decided that states may impose reasonable restrictions on the giving and receiving of legal assistance between inmates, see Johnson v. Avery, 393 U.S. 483, 490 (1969); Wilkerson v. Warden of U.S. Reformatory, 465 F.2d 956, 957 (10th Cir. 1972); McCarty v. Woodson, 465 F.2d 822, 825 (10th Cir. 1972), the district court, sua sponte and before service of the complaint, dismissed plaintiffs' complaint on the basis that it failed to state a claim.

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo, applying the same standard as the district court. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1243-44 (10th Cir. 1989). Under this standard, the dismissal of plaintiffs' complaint was proper if, taking all well-pleaded allegations as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief. See id. at 1244.

Although we read the complaint as raising a more specific access to the courts issue than did the district court, we affirm the district court's dismissal with prejudice. Whether a state prison system's ban on mail between inmates

housed in separate facilities who are co-plaintiffs to litigation and also pro se impinges the inmates' right of access to the courts is an issue of first impression in this circuit--or, indeed, in any circuit, as far as we have been able to determine. Nevertheless, to make such a claim, plaintiffs must demonstrate an actual injury to pending or contemplated litigation resulting from the prison's prohibition of such mail. See Lewis v. Casey, 116 S. Ct. 2174, 2179-82 (1996).[2] Plaintiffs have made only general and conclusory allegations of injury, even though they were put on notice of the deficiency by defendant's response brief, see Appellee's Response Br. at 6-7, and both filed a reply brief.[3] "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). We

---

[2]    The Supreme Court held in Lewis v. Casey that the doctrine of standing establishes, as a prerequisite to an access to the courts claim, that an inmate must demonstrate an actual injury to pending or contemplated litigation attacking his sentence or challenging the conditions of his confinement. See 116 S. Ct. at 2179-82. Therefore, Ruark v. Solano, 928 F.2d 947 (10th Cir. 1991), in which this court held that some access to the courts claims are "not conditioned on a showing of need," id. at 950, is effectively overruled on this point, as are subsequent cases that followed Ruark on this point. See, e.g., Beville v. Ednie, 74 F.3d 210, 212-13 (10th Cir. 1996); Housley v. Dodson, 41 F.3d 597, 598-99 (10th Cir. 1994). On the other hand, Lewis reaffirms our holdings in such cases as Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996), and Green v. Johnson, 977 F.2d 1383, 1389-90 (10th Cir. 1992), that to maintain an access to the courts claim, an inmate must show that denial or delay of access to the courts hindered his pursuit of nonfrivolous litigation.

[3]    In Mr. Tucker's case, a reply brief three times the maximum page limit allowed by Fed. R. App. P. 28(g) without this court's permission. Since it is filed in violation of our rule, it is stricken.

therefore conclude that allowing plaintiffs an opportunity to amend their complaint would be futile, and that their challenge to the district court's dismissal of their access to the courts claim must fail.

Plaintiffs' separation of powers argument is without merit.

Plaintiffs' motion to proceed in forma pauperis on appeal is GRANTED. Plaintiff Tucker's reply brief filed February 5, 1997, is STRICKEN. The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge