FILED
United States Court of Appeals
Tenth Circuit

August 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER L. COVALT,

     Plaintiff - Appellant,

v.

INMATE SERVICES CORPORATION;
RANDY CAGLE, Owner of Inmate
Services Corporation; JOHN DOE, a driver
known as "Captain"; JANE DOE, a driver
known as "Sarge"; LARAMIE COUNTY
SHERIFF'S OFFICE; DANNY GLICK,
Sheriff of Laramie County; ROCKWALL
COUNTY DISTRICT ATTORNEY'S
OFFICE; ROCKWALL COUNTY
DISTRICT ATTORNEY,

     Defendants - Appellees.

No. 15-1247
(D.C. No. 1:15-CV-00685-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Christopher L. Covalt appeals from a district court order dismissing his

42 U.S.C. § 1983 claims against Inmate Services Corporation, two of its employees,

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and various state officials whom he contends are collectively responsible for how he was treated during his transport by van as a pretrial detainee. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his pro se complaint, Mr. Covalt alleged that he was subjected to unconstitutional conditions of confinement during the seven-day journey from Texas to Wyoming, in violation of his rights to adequate sleep, water, food, exercise, sanitation, safety, and due process. Screening the complaint under 28 U.S.C. § 1915A, the district court concluded that it failed to state a claim against any defendant.

Having retained counsel for this appeal, Mr. Covalt argues the allegations in the complaint are sufficient to state a violation of his constitutional rights, and therefore the district court erred by dismissing his complaint. We disagree.

We review de novo the dismissal of a complaint under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Applying the same standard of review that we employ for dismissals under Federal Rule of Civil Procedure 12(b)(6), "we must accept the allegations of the complaint as true and construe those allegations and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). We then consider whether "the plaintiff has provided enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal quotation

marks omitted).  We construe liberally Mr. Covalt's pro se complaint.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Mr. Covalt was a pretrial detainee, the Due Process Clause governs his claims related to unconstitutional conditions of confinement.  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  The Eighth Amendment standard, which "provides the benchmark for such claims," requires a plaintiff to satisfy both an objective component (a sufficiently serious deprivation) and a subjective component (deliberate indifference on the part of the official responsible).  *Id.*  We determine that Mr. Covalt failed to establish the objective component; therefore, we do not address the subjective component.

To satisfy the objective component, a plaintiff must "produce objective evidence that the deprivation at issue was in fact sufficiently serious."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted).  A plaintiff "must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to [his] health or safety."  *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation and internal quotation marks omitted).

Mr. Covalt undoubtedly endured unpleasant conditions during the non-stop, circuitous, seven-day journey.  According to the complaint, he was prevented from

3

sleeping for any significant period because he was handcuffed, sitting up, and surrounded by other passengers; he was given only three small cups of water each day, causing him headaches and other symptoms; the fast-food sandwiches he was fed three times a day were unhealthy and insufficient to sate his hunger; he was unable to exercise; bathroom breaks were five to six hours apart, causing him to urinate in his pants; his handcuffs prevented him from cleaning himself properly after defecating, causing him to develop a rash; he and the other passengers were not given the opportunity to shower or change their clothes, causing the van to smell bad; the drivers drove carelessly, without taking sufficient breaks, while he was sometimes made to sit on a crate without a seatbelt; he was exposed to secondhand smoke when the drivers and passengers smoked cigarettes after meals; and the drivers did not intervene when he was harassed repeatedly by another passenger.

Although these conditions are understandably objectionable, we conclude they did not rise to a constitutional violation. Cases where this court has found conditions sufficiently serious to state an Eighth Amendment claim stand in stark contrast to those alleged here. *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (concluding that allegations the plaintiff "had not had food or water for more than 24 hours . . . and both Defendants restrained him with a stun belt, belly chains, handcuffs, and a black box covering the handcuffs, which prevented him from accessing the food and water provided to the other prisoners being transported" were sufficiently serious to satisfy objective component of an Eighth Amendment claim); *Fogle v. Pierson*, 435 F.3d 1252, 1259-60 (10th Cir. 2006) (concluding that denying

4

the plaintiff any outdoor exercise for three years constituted a sufficiently serious deprivation); *McBride v. Deer*, 240 F.3d 1287, 1291-92 (10th Cir. 2001) (concluding that forcing the plaintiff to live in a feces-covered cell for three days was a sufficiently serious condition of confinement). Even considered collectively, the alleged conditions here do not constitute a sufficiently serious deprivation.

The judgment is affirmed. Mr. Covalt's motion to proceed in forma pauperis on appeal is moot, as the filing fee has already been paid.

Entered for the Court

Jerome A. Holmes
Circuit Judge