**Donnie LOWE, Plaintiff-Appellee,**

v.

**Rick RAEMISCH, in his individual and official capacities as Executive Director of the Colorado Department of Corrections; and Travis Trani, Warden, Colorado State Penitentiary, in his individual and official capacities, Defendants-Appellants.**

No. 16-1300

United States Court of Appeals, Tenth Circuit.

Filed July 25, 2017

Kathryn A. Starnella, Assistant Attorney General, Denver, Colorado (Cynthia H. Coffman, Attorney General, with her on the briefs), for Defendants-Appellants.

Elisabeth L. Owen, Prisoners' Justice League of Colorado LLC, Denver, Colorado, for Plaintiff-Appellee.

Before TYMKOVICH, Chief Judge, BACHARACH, and MORITZ, Circuit Judges.

BACHARACH, Circuit Judge.

This appeal grew out of a state prisoner's alleged deprivation of outdoor exercise

for two years and one month. The alleged deprivation led the prisoner (Mr. Donnie Lowe) to sue two senior prison officials, invoking 42 U.S.C. § 1983 and alleging violation of the Eighth Amendment. The district court declined to dismiss the personal liability claims against the two officials, and they appeal.

For the sake of argument, we may assume a violation of the Eighth Amendment. Even with this assumption, the two officials would enjoy qualified immunity unless the denial of outdoor exercise for two years and one month had violated a clearly established constitutional right. In our view, the right was not clearly established. Thus, we reverse.[1]

### 1. Appellate Jurisdiction

■ Mr. Lowe moves to dismiss the appeal, arguing that we lack appellate jurisdiction. We disagree and deny Mr. Lowe's motion to dismiss.

■ Though the district court has not entered a final judgment, the collateral-order doctrine creates appellate jurisdiction over certain intermediate rulings on pure issues of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Denials of qualified immunity ordinarily fall within the collateral-order doctrine. *Plumhoff v. Rickard*, — U.S. ——, 134 S.Ct. 2012, 2019, 188 L.Ed.2d 1056 (2014).

According to Mr. Lowe, the collateral-order doctrine does not apply because our issue of qualified immunity is fact intensive. We disagree: We are reviewing the sufficiency of a complaint, which involves a pure issue of law. *See Iqbal*, 556 U.S. at 674, 129 S.Ct. 1937; *see also Ortiz v. Jordan*, 562 U.S. 180, 188, 131 S.Ct. 884, 178 L.Ed.2d 703 (2011) (stating that the inquiry regarding what is "clearly established" entails a matter of law).

The district court concluded that the alleged facts precluded qualified immunity. Order at 7, *Lowe v. Raemisch*, No. 15-cv-01830-RBJ (D. Colo. July 18, 2016) (Dkt. No. 35) ("I find that a reasonable official ... almost certainly did know (and Tenth Circuit cases and many other cases clearly established) that, at the time of Mr. Lowe's confinement, depriving him of outdoor exercise for an extended period of time was likely a violation of his constitutional rights."). The correctness of this conclusion involves a pure question of law.[2] *See Iqbal*, 556 U.S. at 672, 129 S.Ct. 1937 (stating that denial of a motion to dismiss, which had been based on qualified immunity, was immediately appealable). Thus, we have jurisdiction under the collateral-order doctrine.

### 2. Qualified Immunity

■ The issue of qualified immunity arose in district court, where the court denied the motion to dismiss. For this ruling, we engage in de novo review, view-

---

1. Mr. Lowe also sued the defendants in their official capacities, and the district court ruled that these claims were barred by the Eleventh Amendment. The ruling on the Eleventh Amendment is not involved in this appeal.

2. The district court also remarked that "[a]t a minimum there are fact issues concerning whether there might be some unique justification for a two-year deprivation." Order at 7, *Lowe v. Raemisch*, No. 15-cv-01830-RBJ (D. Colo. July 18, 2016) (Dkt. No. 35). This re-

mark did not suggest factual issues at the present stage. Rather, the court was saying that as the case proceeded to discovery, the defendants might later learn of facts that would trigger qualified immunity. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 868 n.6 (10th Cir. 2016) (noting that even if a court denies qualified immunity on a motion to dismiss, qualified immunity may be invoked again through a motion for summary judgment).

ing the complaint's allegations in the light most favorable to· Mr. Lowe. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Viewing the allegations in this light, we conclude that the two officials are entitled to qualified immunity.

### a. Qualified immunity protects all officials except those who are plainly incompetent or knowingly violate the law.

■ The law is clearly established when a Supreme Court or Tenth Circuit precedent is on point or the alleged right is clearly established from case law in other circuits. *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003). The precedent is considered on point if it involves " '*materially similar conduct*' " or applies " 'with *obvious clarity*' " to the conduct at issue. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964-65 (10th Cir. 2016) (emphasis in *Estate of Reat*) (quoting *Buck v. City of Albuquerque*, 549 F.3d 1269, 1290 (10th Cir. 2008)), *cert. denied*, —— U.S. ——, 137 S.Ct. 1434, 197 L.Ed.2d 647 (2017). Because the prior case must involve materially similar conduct or apply with obvious clarity, qualified immunity generally protects all public officials except those who are " 'plainly incompetent or those who knowingly violate the law.' " *White v. Pauly*, —— U.S. ——, 137 S.Ct. 548, 551, 196 L.Ed.2d 463 (2017) (per curiam) (quoting *Mullenix v. Luna*, —— U.S.

——, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (per curiam)).

### b. The alleged deprivation of outdoor exercise for two years and one month did not violate a clearly established constitutional right.

■ We have acknowledged the absence of any "doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment." *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994), *abrogated on other grounds·by Lewis v. Casey*, 518 ·U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *as recognized in Tucker v. Graves*, 107 F.3d 881, 1997 WL 100884, at *1 n.2 (10th Cir. Mar. 6, 1997) (unpublished). Prison officials sometimes disallow exercise outside an inmate's cell and sometimes disallow exercise outdoors (while still permitting out-of-cell exercise). *See Apodaca v. Raemisch*, No. 15-1454, op. at Part III, 864 F.3d 1071, 1077–79, 2017 WL 3138361 (10th Cir. July 25, 2017) (to be published). Mr. Lowe's claim involves the disallowance of exercise outdoors rather than outside of his cell.

In precedential opinions,[3] we have reached four conclusions on the constitutionality of denying outdoor exercise to inmates[4]:

1. The denial of outdoor exercise could violate the Eighth Amendment "under certain circumstances."[5]

---

3. Mr. Lowe does not allege that Supreme Court precedent or the weight of authority in other circuits has clearly established the law. *See Washington v. Unified Gov't of Wyandotte Cty*, 847 F.3d 1192, 1201 n.3 (10th Cir. 2017) (stating that the plaintiff must identify the clearly established law); *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (declining to consider out-of-circuit authority because the plaintiff had not brought this authority to our attention).

4. As discussed in another opinion released today, our opinion in *Perkins v. Kansas De-*

*partment of Corrections*, 165 F.3d 803 (10th Cir. 1999), did not clearly establish a constitutional prohibition against a prolonged denial of outdoor exercise. *See Apodaca v. Raemisch*, No. 15-1454, op. at Parts· III-IV, 864 F.3d 1071, 1077–80, 2017 WL 3138361 (10th Cir. July 25, 2017) (to be published).

5. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam); *see Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994) ("In *Bailey*, we found that even a convicted murderer ... was entitled to outdoor exercise.").

2. The denial of outdoor exercise does not create a per se violation of the Eighth Amendment.[6]

3. Restricting outdoor exercise to one hour per week does not violate the Eighth Amendment.[7]

4. The denial of outdoor exercise for three years could arguably involve deliberate indifference to an inmate's health under the Eighth Amendment.[8]

These conclusions permit reasonable debate on the constitutionality of disallowing outdoor exercise for two years and one month. We have said that denying outdoor exercise could violate the Constitution under some circumstances, but we have not defined those circumstances. Thus, the constitutional inquiry would depend on a case-by-case examination of the totality of circumstances. *See Housley*, 41 F.3d at 599 ("We recognize, of course, that what constitutes adequate exercise will depend on the circumstances of each case...").

One critical circumstance is the duration of a prisoner's inability to exercise outdoors. *See DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (stating that the length of time that an inmate is exposed to the conditions "is often of prime importance" under the Eighth Amendment); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (stating that the inquiry under the Eighth Amendment turns in part on the duration of the deprivation). We have sometimes said what is not too long. For example, we have said that limiting outdoor exercise to one hour per week is constitutional. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam). And today we elsewhere hold that qualified immunity applies when prisoners are denied outdoor exercise for roughly eleven months. *See Apodaca v. Raemisch*, No. 15-

1454, op. at Parts III-IV, 864 F.3d 1071, 1077–80, 2017 WL 3138361 (10th Cir. July 25, 2017) (to be published). But what about a denial exceeding two years? We have not squarely addressed a denial of that duration.

■ Mr. Lowe disagrees, pointing to *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006). There, we held that a denial of outdoor exercise for three years could arguably suggest deliberate indifference. *Fogle*, 435 F.3d at 1259-60. But, in specifically discussing the length of the deprivation, we applied the Eighth Amendment's subjective prong, not the objective prong. *Id.* at 1260. The objective prong addresses whether the deprivation is "sufficiently serious," and the subjective prong addresses whether the officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297-98, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Here the officials do not challenge the evidence on their state of mind; instead, they argue that the alleged denial of outdoor exercise for two years and one month is not sufficiently serious to implicate the Eighth Amendment. This argument involves the objective prong, not the subjective prong that *Fogle* addressed with respect to the length of the deprivation.

■ If " 'an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed.' " *United Food & Commercial Workers Union, Local 1564 v. Albertson's, Inc.*, 207 F.3d 1193, 1199 (10th Cir. 2000) (quoting *EEOC v. Trabucco*, 791 F.2d 1, 4 (1st Cir. 1986)). With regard to the length of the deprivation, the *Fogle* court suggested that it was addressing only the issue of deliberate in-

---

**6.** *Bailey*, 828 F.2d at 653.

**7.** *Id.*

**8.** *Fogle v. Pierson*, 435 F.3d 1252, 1259-60 (10th Cir. 2006).

difference, not the seriousness of a prolonged denial of outdoor exercise. *Fogle*, 435 F.3d at 1260. In light of the court's description of the issue, prison officials could reasonably infer that the *Fogle* court had not decided whether a three-year ban on outdoor exercise is sufficiently serious to violate the Eighth Amendment's objective prong. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1288-89 (10th Cir. 2017) (collecting cases concerning the principle that appellate courts do not decide issues that are not raised). Therefore, *Fogle* is not necessarily on point for the issue confronting the two officials in our case.[9]

In addition, *Fogle* considered only whether the plaintiff's claim had been "frivolous." *Fogle*, 435 F.3d at 1260. Under the frivolousness standard, the issue is simply whether a point "could even be argued." *Stewart v. Donges*, 915 F.2d 572, 583 n.14 (10th Cir. 1990).

In light of the court's focus on the subjective prong and application of the frivolousness standard, the two officials could reasonably question *Fogle*'s effect on the constitutionality of the deprivation here.

Finally, Mr. Lowe points to our opinion in *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994). But *Housley* differed from our case. There we addressed the denial of any *out-of-cell* exercise rather than *outside* exercise. *Housley*, 41 F.3d at 599. This difference could lead reasonable prison officials to question the applicability of *Housley*. As a result, we lack any on-point precedent regarding the constitutionality of disallowing outdoor exercise for a period approximating two years and one month.

### c. The deprivation of outdoor exercise for two years and one month is not so obviously unlawful that a constitutional violation would be undebatable.

Mr. Lowe argues that even if no precedent is on point, our case law provided the two prison officials with "'fair warning'" that their conduct was unconstitutional. Appellee's Resp. Br. at 12-14 (quoting *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). We disagree.

▮ Even when no precedent involves facts "materially similar" to ours, the right can be clearly established if a precedent applies with "obvious clarity." *See* Part 2(a), above. When the public official's conduct is egregious, even a general precedent would apply with obvious clarity. *See Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 377, 129 S.Ct. 2633, 174 L.Ed.2d 354 (2009) ("The unconstitutionality of outrageous conduct obviously will be unconstitutional...."). "After all, some things are so obviously unlawful that they don't require detailed explanation and sometimes the most obviously unlawful things happen so rarely that a case on point is itself an unusual thing." *Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015).

Even in the absence of egregious conduct, the constitutional violation may be so obvious that similar conduct seldom arises

---

9. We have stated otherwise in unpublished opinions. *See, e.g., Covalt v. Inmate Servs. Corp.*, 658 Fed.Appx. 367, 370 (10th Cir. 2016) (citing *Fogle* as "concluding that denying the plaintiff any outdoor exercise for three years constituted a sufficiently serious deprivation"); *Lewis v. McKinley Cty. Bd. of Cty. Comm'rs*, 425 Fed.Appx. 723, 727 (10th Cir. 2011) ("This court has held that deprivations or conditions were sufficiently serious to state an Eighth Amendment claim in the following situations: ... denying a prisoner all outdoor exercise for three years...." (citing *Fogle*)). But these unpublished opinions "'provide[ ] little support for the notion that the law [was] clearly established.'" *Morris v. Noe*, 672 F.3d 1185, 1197 n.5 (10th Cir. 2012) (citation omitted).

in our cases. *See Safford*, 557 U.S. at 377-78, 129 S.Ct. 2633. "Indeed, it would be remarkable if the most obviously unconstitutional conduct should be the most immune from liability only because it is so flagrantly unlawful that few dare its attempt." *Browder*, 787 F.3d at 1082-83. Ultimately, we consider whether our precedents render the legality of the conduct undebatable. *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016).[10]

On this record, however, the deprivation of outdoor exercise for two years and one month would not have obviously crossed a constitutional line.[11] Thus, the underlying right was not clearly established and the defendants are entitled to qualified immunity.

**d. Qualified immunity is not precluded by the district court's finding in an earlier case.**

 Qualified immunity is unavailable to officials who "knowingly violate the law." *White v. Pauly*, —— U.S. ——, 137 S.Ct. 548, 551, 196 L.Ed.2d 463 (2017) (per curiam) (internal quotation marks & citation omitted). Mr. Lowe applies this principle, arguing that the two officials knew that they were violating the law because a district court had already found a constitu-

tional violation based on similar conditions at the same prison. Appellee's Resp. Br. at 15 (citing *Anderson v. Colorado*, 887 F.Supp.2d 1133 (D. Colo. 2012)).

We reject this argument based on a key factual distinction with the prior district court case, a conflict with Supreme Court precedent, and the existence of an erroneous assumption.

First, the deprivation in the district court's earlier case spanned *twelve years*. *Anderson v. Colorado*, 887 F.Supp.2d 1133, 1138 (D. Colo. 2012). Here the alleged deprivation was far shorter: *two years and one month*.

Second, the Supreme Court rejected a nearly identical argument in *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). There the Court concluded that a district court opinion, which identified the same defendant (Attorney General Ashcroft) and said that his actions were unconstitutional, did not clearly establish the underlying right because a district court's holding is not controlling in any jurisdiction. *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074.

 Third, Mr. Lowe assumes that a defendant's knowledge affects the avail-

---

**10.** We have described these principles in terms of a sliding scale. *See Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007) (" 'The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation.' " (citation omitted)). But our sliding-scale approach may arguably conflict with recent Supreme Court precedent on qualified immunity. *See Aldaba v. Pickens*, 844 F.3d 870, 874 n.1 (10th Cir. 2016). The possibility of a conflict arises because the sliding-scale approach may allow us to find a clearly established right even when a precedent is neither on point nor obviously applicable. *See id.*; *see also Mascorro v. Billings*, 656 F.3d 1198, 1208 n.13 (10th Cir. 2011) (declining to apply the standards of *Hope v. Pelzer* to a situation

where the constitutional violation was not obvious).

We need not decide today whether our sliding-scale approach conflicts with Supreme Court precedent. As explained in the text, the defendants lacked clearly applicable precedents showing whether denial of outdoor exercise for two years and one month was sufficiently serious to violate the Eighth Amendment.

**11.** We have recognized that denial of outdoor exercise hinders an inmate's psychological and physical health. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (per curiam). But Mr. Lowe does not address how long the deprivation must last before the constitutional violation becomes obvious.

ability of qualified immunity. We reject that assumption, for there is a single standard: "whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted.'" *Ziglar v. Abbasi*, 582 U.S. ——, 137 S.Ct. 1843, 1867, 198 L.Ed.2d 290 (2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If this standard is met, the defendant would be either plainly incompetent or a knowing violator of the law. *See id.* ("If so, then the defendant officer must have been either incompetent or else a knowing violator of the law, and thus not entitled to qualified immunity.").

For these reasons, the district court's *Anderson* ruling does not preclude qualified immunity.

### 3. Conclusion

We must gauge the clarity of the constitutional right based on our precedents' similarity of conditions or obvious applicability. In our view, competent public officials could reasonably have viewed our precedents as inapplicable. As a result, competent officials could reasonably disagree about the constitutionality of disallowing outdoor exercise for two years and one month. In light of this room for reasonable disagreement, the defendants are entitled to qualified immunity.

### 4. Disposition

We deny Mr. Lowe's appellate motion to dismiss, reverse the district court's denial of the defendants' motion to dismiss, and remand with instructions to grant the defendants' motion to dismiss.

