**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THE ESTATE OF ROBERT VALLINA;
JUAN J. VALLINA, personally;
MARTHA VALLINA, personally, and as
personal representative of the estate of
Robert Vallina, deceased,

     Plaintiffs - Appellees,

v.

GABRIELA L. PETRESCU, MD, in her
official and individual capacities,

     Defendant - Appellant.

No. 17-1428
(D.C. No. 1:16-CV-02227-RM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **MATHESON**, Circuit Judges.
_____

Dr. Gabriela Petrescu appeals the district court's denial of her motion to

dismiss. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for

entry of an order granting Petrescu qualified immunity.

**I**

On May 27, 2014, Robert Vallina was arrested for violating his probation on

misdemeanor charges of assault in the third degree and obstruction of telephone

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

service. Following his arrest, Vallina was taken to the Teller County Detention Center ("TCDC"), where he was held in custody for roughly two months. Vallina was subsequently transferred to the Colorado Mental Health Institute-Pueblo ("CMHIP") for an evaluation of his competency to stand trial. Petrescu was Vallina's assigned treating physician at CMHIP.

While he was examined, Vallina denied any past suicide attempts. The evaluation determined that Vallina was competent to stand trial and noted that he was not actively suicidal. He was returned to TCDC on August 29, 2014. In the early hours of September 2, 2014, Vallina took his own life while in his cell.

Vallina's estate and survivors brought suit against CMHIP, Petrescu, and other officials and employees of CMHIP. Plaintiffs alleged violations of Vallina's Fourteenth Amendment rights for failure to provide adequate medical care, and state law medical malpractice claims. Plaintiffs later dismissed their claims against all defendants other than Petrescu.

Petrescu filed a motion to dismiss, asserting Eleventh Amendment immunity, governmental immunity, failure to allege personal participation, and qualified immunity. A magistrate judge recommended that the district court grant Petrescu's motion to dismiss as to plaintiffs' state law claims and official capacity claims, but deny as to plaintiffs' individual capacity Fourteenth Amendment claim.

Petrescu objected to the recommendations with respect to the Fourteenth Amendment claim. Plaintiffs responded to Petrescu's filing, but did not submit an

2

objection of their own. The district court adopted the recommendations. Petrescu timely appealed.

## II

Denial of a motion to dismiss is generally not immediately appealable. Roosevelt-Hennix v. Prickett, 717 F.3d 751, 753 (10th Cir. 2013). However, "the collateral-order doctrine creates appellate jurisdiction over certain intermediate rulings on pure issues of law," and "denials of qualified immunity ordinarily fall within the collateral-order doctrine." Lowe v. Raemisch, 864 F.3d 1205, 1207 (10th Cir. 2017). Accordingly, "a district court's pretrial denial of a qualified immunity defense, to the extent it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." Powell v. Miller, 849 F.3d 1286, 1288 (10th Cir. 2017).

We review the denial of qualified immunity at the motion to dismiss stage de novo. Apodaca v. Raemisch, 864 F.3d 1071, 1076 (10th Cir. 2017). In doing so, we view the complaint's allegations in the light most favorable to plaintiffs. Lowe, 864 F.3d at 1208. To overcome qualified immunity, plaintiffs carry the burden of demonstrating that the factual allegations made in the complaint establish a violation of Vallina's Fourteenth Amendment right to adequate medical treatment, and that right was clearly established at the time of the alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). We exercise our discretion in this case to hold that plaintiffs fail to demonstrate that Petrescu's actions violated clearly established law without first deciding if plaintiffs sufficiently alleged a violation of Vallina's

Fourteenth Amendment rights. See Riggins v. Goodman, 572 F.3d 1101, 1107-08 (10th Cir. 2009).

A defendant's conduct violates a clearly established constitutional right when Tenth Circuit or Supreme Court precedent renders plainly apparent the constitutional violation. Mascorro v. Billings, 656 F.3d 1198, 1208 (10th Cir. 2011). We consider the precedent "on point if it involves materially similar conduct or applies with obvious clarity to the conduct at issue." Lowe, 864 F.3d at 1208 (quotations and emphases omitted). The district court held that plaintiffs carried their burden to show the clearly established nature of Vallina's Fourteenth Amendment right by reference to Mata v. Saiz, 427 F.3d 745 (10th Cir. 2005). In Mata, this court stated "[t]here is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right." Id. at 749.

This general recitation of the deliberate indifference standard cannot provide a source of clearly established law that controls in this case because the statement of law is insufficiently particular to the facts at hand. "The Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality." Quinn v. Young, 780 F.3d 998, 1005 (10th Cir. 2015) (quotations omitted). We conclude Mata's general statement of law cannot be read to "dispositively condemn[] [Petrescu's] conduct at the time it occurred." Cox v. Glanz, 800 F.3d 1231, 1240 (10th Cir. 2015).

The only defendant denied qualified immunity in Mata refused to provide any medical attention to the plaintiff despite the plaintiff's repeated complaints of severe

4

and lasting chest pain, telling the plaintiff that she could raise her complaints the next morning. 427 F.3d at 756. In this case, Vallina received a court-ordered competency examination. Plaintiffs dispute the adequacy of the treatment that accompanied Vallina's examination. But the denial of all treatment in Mata does not provide a sufficiently comparable precedent to clearly establish that Petrescu's allegedly inadequate treatment violated Vallina's Fourteenth Amendment rights. This court distinguishes "a medical professional['s] [] fail[ure] to treat a serious medical condition properly," which does not constitute deliberate indifference, from "prison officials [who] prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment," which may constitute deliberate indifference. Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000). Although Mata clearly establishes that denial of access to treatment for a serious medical condition constitutes deliberate indifference, plaintiffs' allegations in this case concern the failure to "treat a serious medical condition properly," which we have long held fails to evince deliberate indifference. Id.[1]

---

[1] To the extent the district court rejected as waived Petrescu's arguments regarding the lack of clearly established law, the district court erred. Because Petrescu asserted a qualified immunity defense in her motion to dismiss, plaintiffs bore the burden to demonstrate that both: (1) their factual allegations established a constitutional violation and (2) that the right was clearly established at the time of the alleged misconduct. Cox, 800 F.3d at 1245 ("Specifically, by asserting the qualified-immunity defense, [defendant] triggered a well-settled twofold burden that [plaintiff] was compelled to shoulder: not only did she need to rebut the [defendant's] no-constitutional-violation arguments, but [plaintiff] also had to demonstrate that any constitutional violation was grounded in then-extant clearly established law."). Plaintiffs' defense of the district court's conclusion that Petrescu waived certain components of her qualified immunity defense is inapposite because the cases upon

Plaintiffs pivot on appeal to an unlikely source of clearly established law: the dissent in Mata, which urges the court to hold that "reckless[] deviat[ion] from acceptable medical norms" constitutes deliberate indifference. 427 F.3d at 761 (Seymour, J., dissenting in part). But the majority in Mata declined to hold that such a deviation from acceptable medical norms constitutes deliberate indifference. Id. at 761. Moreover, even the Mata dissent does not support plaintiffs' claims, as the defendant in Mata "recklessly deviated from acceptable medical norms by denying [plaintiff] access to medical personnel capable of evaluating the need for treatment." Id. (emphasis added). Denying an inmate access to treatment may constitute deliberate indifference, but a medical professional's failure to treat a serious condition properly does not. Sealock, 218 F.3d at 1211. Petrescu is thus entitled to qualified immunity because plaintiffs are unable to show that Petrescu's, at worst, negligent or improper treatment of Vallina's medical needs violated clearly established law.

---

which they rely address standard waiver issues outside the unique burden-shifting context of qualified immunity. See, e.g., Minshall v. McGraw Hill Broad. Co., 323 F.3d 1273, 1288 (10th Cir. 2003) (holding a factual argument waived when it was not raised in the opening brief).

**III**

For the foregoing reasons, we **REVERSE** the district court's denial of Petrescu's motion to dismiss, and **REMAND** for entry of an order granting Petrescu qualified immunity.

Entered for the Court

Carlos F. Lucero
Circuit Judge