**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 12, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ERIC LUCHETTI,

     Plaintiff - Appellant,

v.

THE NEW MEXICO STATE
PERSONNEL BOARD, a State Agency,
a/k/a The New Mexico State Personnel
Office; JUSTIN NAJAKA, former Director
of the State Personnel Board, individually;
PAMELA COLEMAN, Current Director of
the State Personnel Office and Current
Chair of the State Personnel Board,
individually; ROBERT ROJO, Team Lead
of Employee Relations Department,
individually; THE NEW MEXICO
CORRECTIONS DEPARTMENT, a State
Agency, a/k/a The New Mexico
Department of Corrections; MELANIE
MARTINEZ, Former Acting Secretary;
ALISHA TAFOYA-LUCERO, Current
Secretary; GERMAN FRANCO, Deputy
Director, individually,

     Defendants - Appellees.

No. 21-2109
(D.C. No. 1:20-CV-01232-RB-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.

_____

After the New Mexico Department of Corrections terminated Plaintiff Eric Luchetti's employment, Mr. Luchetti appealed his discharge to the New Mexico State Personnel Board (Board). The Board reinstated him and awarded backpay. Pursuant to a state regulation, the Board reduced his backpay by the amount of earnings he had received from other sources between his termination and reinstatement. Mr. Luchetti sued individual employees of the Board under 42 U.S.C. § 1983, asserting that the offset against his backpay violated his free speech and equal protection rights. The district court dismissed on grounds of qualified immunity, and Mr. Luchetti appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Luchetti, who is disabled, was a full-time employee of the New Mexico Department of Corrections until his termination in 2016. He successfully appealed his termination to the Board, which reinstated Mr. Luchetti to his former position. The Board also awarded Mr. Luchetti backpay. The backpay amount, however, was subject to N.M. Code R. § 1.7.12.23(B), which states:

> In the event the board's order includes any [backpay], the appellant shall provide the agency with a sworn statement of gross earnings, unemployment compensation, and any other earnings, including but not limited to disability benefits received by the appellant since the effective date of the disciplinary action. The agency shall be entitled to offset earnings, unemployment compensation and any other earnings received during the period covered by the [backpay] award against the [backpay] due.

2

Applying that provision, the Board offset Mr. Luchetti's backpay award by more than $36,000 in disability benefits and unemployment compensation Mr. Luchetti had received since his termination.

In response to the offset, Mr. Luchetti filed a complaint in state district court, naming as defendants the Board, the Department of Corrections, and several individual employees.[1]  He asserted various state and federal claims, including the § 1983 claims at issue in this appeal.  The defendants removed the case to federal district court and filed a motion to dismiss arguing they were entitled to qualified immunity.  The district court agreed.[2]  This appeal followed.

## II.  DISCUSSION

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  When a defendant asserts qualified immunity, the burden shifts to the plaintiff, who must demonstrate on the facts alleged that (1) the defendant's actions violated his or her constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged misconduct.  *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  "We may address

---

[1] Mr. Luchetti later conceded the Board and the Department of Corrections were entitled to Eleventh Amendment immunity.

[2] The defendants also moved to dismiss the state claims.  Rather than dismiss them, the district court remanded the claims to the state district court.  The state claims are not at issue in this appeal.

the two prongs of the qualified-immunity analysis in either order: If the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (brackets and internal quotation marks omitted).

A right is clearly established if "the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (brackets and internal quotation marks omitted). "[F]or the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018) (internal quotation marks omitted). Clearly established law should not be defined "at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011), and should be "particularized" to the facts of the case, *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (internal quotation marks omitted).

## A. Equal Protection Claim

The district held that even if Mr. Luchetti had adequately alleged an equal protection violation, he had not demonstrated that clearly established law gave the

4

defendants fair warning that their enforcement of Rule 1.7.12.23(B) violated Mr. Luchetti's rights.  We agree.

Mr. Luchetti contends that *Copelin-Brown v. New Mexico State Personnel Office*, 399 F.3d 1248 (10th Cir. 2005), is on point.  In that case, the plaintiffs challenged a New Mexico regulation providing that any disabled employees terminated due to disability had no right to an appeal.  *Id.* at 1252.  The corresponding regulation for non-disabled employees, however, did allow for appeals.  *Id.*  We held that singling out disabled persons in this way did not survive the rational-basis test.  *Id.* at 1255.  We further held the fact that the defendants were following a regulation was only one factor in determining the objective reasonableness of their actions—especially given that for 30 years, federal law had "require[d] that when a state employee is terminated, that employee has a right to a hearing to challenge the termination."  *Id.* at 1256.

*Copelin-Brown* is not on point.  Unlike the regulation in *Copelin-Brown*, in this case Rule 1.7.12.23(B) does not single out disabled employees.  The rule authorizes the Board to offset several types of earnings, not just disability benefits, against backpay awarded to any reinstated employee.  It applies to non-disabled employees and disabled employees alike and does not treat disability payments differently from other sources of income.  In addition, the regulation in *Copelin-Brown* violated federal statutory law.  Here, Mr. Luchetti does not assert that the offset rule in this case violates a federal statute.  At most, *Copelin-Brown* might suggest the constitutional rule Mr. Luchetti imputes to it, but that is insufficient to

give the defendants fair warning that their enforcement of the offset regulation was unconstitutional. *See City of Tahlequah*, 142 S. Ct. at 11.

Mr. Luchetti also argues the law was clearly established because the New Mexico Supreme Court has held that "[p]ublic assistance and social security [are] benefits from a collateral source, and they are not subject to offset from an award of damages." *Smith v. FDC Corp.*, 787 P.2d 433, 440 (N.M. 1990). He also points to a New Mexico uniform jury instruction explaining the collateral source rule in calculating damages in a breach of employment contract claim. Mr. Luchetti argues the collateral source rule is not an evidentiary rule as characterized by the district court, but "a rule of pure legal substance arising from [New Mexico] public policy." Opening Br. at 17 (italics omitted). Even accepting this characterization, it is an insufficient basis for asserting a violation of a constitutional or federal statutory right under § 1983. New Mexico's collateral source rule simply could not have provided the defendants fair warning that their enforcement of Rule 1.7.12.23(B) was unconstitutional.

## B. First Amendment Retaliation Claim

Mr. Luchetti alleged the defendants enforced Rule 1.7.12.23(B) in retaliation for his appealing his termination and testifying before the Board. The district held that even if Mr. Luchetti had adequately alleged First Amendment retaliation,[3] he had

---

[3] Much of Mr. Luchetti's opening brief focused on whether he had adequately alleged the elements of a First Amendment retaliation claim. Because we affirm the district court's ruling on the clearly established prong, we need not address whether Mr. Luchetti adequately pleaded a constitutional violation.

not demonstrated that clearly established law fairly warned the defendants that their enforcement of Rule 1.7.12.23(B) constituted First Amendment retaliation. We agree with this holding as well.

Mr. Luchetti conceded in his opening brief that there is no case precisely on point. Opening Br. at 32. In his reply brief, however, Mr. Luchetti cites to *Van Deelen v. Johnson*, 497 F.3d 1151 (10th Cir. 2007). That case involved a plaintiff's claim that after he successfully sued a county, the county officials improperly increased his property taxes and subjected him to other forms of intimidation. *Id.* at 1153-54. *Van Deelen* therefore is not "particularized" to the facts of Mr. Luchetti's case. *Anderson*, 483 U.S. at 640. Mr. Luchetti emphasizes *Van Deelen*'s observation that "a private citizen exercises a constitutionally protected First Amendment right *anytime* he or she petitions the government for redress; the petitioning clause of the First Amendment does not pick and choose its causes. The minor and questionable, along with the mighty and consequential, are all embraced." 497 F.3d at 1156. We fail to see how this general proposition could have given the defendants fair warning that enforcing Rule 1.7.12.23(B) would violate Mr. Luchetti's First Amendment rights.

Mr. Luchetti also cites *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000). In *Worrell*, the plaintiff claimed that a defendant law enforcement officer caused the district attorney to withdraw a job offer in retaliation for the plaintiff's trial testimony that was critical of law enforcement. *Id.* at 1200. We held the right to testify truthfully was clearly established, and the defendant therefore was not entitled

7

to qualified immunity. *Id.* at 1216. Mr. Luchetti argues that the defendants in this case likewise enforced Rule 1.7.12.23(B) in retaliation for Mr. Luchetti's testimony at the hearing on his termination. Elsewhere in his brief, however, Mr. Luchetti says the defendants did not retaliate for his testimony, but rather that "regulatory retaliation . . . was already in place and waiting for Mr. Luchetti when he began his public testimony." Opening Br. at 25. In any case, *Worrell*—involving an officer's interference with a job offer in retaliation for testimony in a murder case—would not have given the defendants fair warning that offsetting Mr. Luchetti's backpay award pursuant to a state regulation constitutes First Amendment retaliation.[4]

Mr. Luchetti also cites two federal district court cases: *Nave v. Independent School District No. 20*, No. CIV-17-096-KEW, 2018 WL 6419296 (E.D. Okla. Dec. 6, 2018) and *Ray Westall Operating, Inc. v. Richard*, No. CV 20-302 KG/GJF, 2021 WL 107247 (D.N.M. Jan. 12, 2021). Neither case involves facts that are even remotely similar to the facts of Mr. Luchetti's case. And even if they were similar, "for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Halley*, 902 F.3d at 1149 (internal quotation marks omitted). *Nave* and *Ray Westall* do not meet that standard.

---

[4] Perhaps recognizing that neither *Worrell* nor *Van Deelen* are sufficient to satisfy the clearly-established prong, Mr. Luchetti argues those decisions evince such robust First Amendment protection that a plaintiff need only plausibly plead the elements of First Amendment retaliation in order to overcome the qualified immunity defense. We decline Mr. Luchetti's invitation to abandon the clearly-established prong in cases involving First Amendment retaliation.

Finally, Mr. Luchetti urges us to apply a "sliding scale" in which "the more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Browder v. City of Albuquerque*, 787 F.3d 1076, 1082 (10th Cir. 2015) (internal quotation marks omitted). Our more recent jurisprudence, however, has observed that the "sliding scale" approach "may arguably conflict with recent Supreme Court precedent on qualified immunity." *Lowe v. Raemisch*, 864 F.3d 1205, 1211 n.10 (10th Cir. 2017). Instead, we have suggested a "flagrantly unlawful" or "obvious clarity" standard. *Id.* at 1208, 1211; *see also Contreras ex rel. A.L. v. Doña Ana Cnty. Bd. of Cnty. Comm'rs*, 965 F.3d 1114, 1123 (10th Cir. 2020) (Carson, J., concurring). But even if the "sliding scale" is still the rule in this Circuit, Mr. Luchetti's allegations do not rise to a level of egregiousness justifying its application.

### III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court

Entered for the Court


Joel M. Carson III
Circuit Judge