**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHRISTY BAILEY, as Personal
Representative of the Estate of Jeffrey
Peterson, deceased,

    Plaintiff - Appellee,

v.

MARCUS BEALE, Officer,

    Defendant - Appellant,

and

CITY OF ADA; JUSSELY CANADA,
Officer; MICHAEL MEEKS, Officer;
PHILLIP VOGT, Officer,

    Defendants.

No. 23-7083
(D.C. No. 6:20-CV-00327-JAR)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.
_____

Jeffrey Peterson's estate ("the Estate") sued Officer Marcus Beale under 42 U.S.C.

§ 1983 for unlawfully entering his apartment in violation of the Fourth Amendment.  In

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this interlocutory appeal, Officer Beale asks us to reverse the district court's summary judgment order denying him qualified immunity.

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the summary judgment denial because the Estate has failed to carry its burden of showing a violation of clearly established law.

## I.  BACKGROUND

### A.  *Factual History*[1]

Megan Timmons called the Ada City Police to report that Mr. Peterson had taken money and possessions from her as she slept in his apartment the prior night, and then kicked her out.  She requested an officer's help to retrieve her belongings inside.  When Officer Beale arrived, he and Ms. Timmons approached the apartment's front door.

At her deposition, Ms. Timmons testified that, with Officer Beale on her left, she pushed the front door slightly open.  Mr. Peterson suddenly shut the door from within, pushing Ms. Timmons and causing her to bump into Officer Beale.  In contrast, Officer Beale said that after the door opened, he rested his arm against the top of the doorway and Mr. Peterson slammed the door, trapping his arm until he was able to pull it free.

---

[1] Except where noted, we take the facts as the district court found them in construing the record in the Estate's favor.  *See Duda v. Elder*, 7 F.4th 899, 905 (10th Cir. 2021).

2

Mr. Peterson then warned he would treat Officer Beale as an intruder. Officer Beale drew his weapon and radioed for backup. When backup arrived, the officers forcibly breached Mr. Peterson's door. A struggle ensued. Officer Beale fatally shot Mr. Peterson.

B. *Procedural History*

The Estate's § 1983 suit against Officer Beale asserted claims for unlawful entry and excessive force.[2] Officer Beale moved for summary judgment based on qualified immunity. The district court granted him summary judgment on the excessive force claim, which is not an issue here.

On the unlawful entry claim, Officer Beale said his entering the apartment was based on probable cause to arrest Mr. Peterson for assault and battery after Mr. Peterson shut the door on his arm. He further argued that exigent circumstances of "hot pursuit" and "imminent threat of danger or violence" supported the entry because Mr. Peterson "had slammed and trapped Officer Beale's arm in the door and threatened to treat him 'like an intruder.'" App. at 66 & n.57.

The district court denied summary judgment on the unlawful entry claim. It explained, "[T]he primary bases for [Officer Beale's] warrantless entry into [Mr.] Peterson's apartment [were] the alleged assault upon Officer Beale by

---

[2] The Estate also brought state law claims against Officer Beale for wrongful death, intentional infliction of emotional distress, and assault and battery. The district court determined the "dismissal of the state law claims is inappropriate on summary judgment." App. at 302. Those claims are not at issue in this appeal.

slamming his arm in the door and [Mr.] Peterson's flee into the apartment. A significant, material factual dispute precludes summary judgment on this claim, including the defense of qualified immunity." *Id.* at 299-300.[3] The court did not address whether the Estate showed that Officer Beale violated clearly established law.

Officer Beale timely appealed the denial of summary judgment on the unlawful entry claim.

## C. *Legal Background*

### 1. **Jurisdiction**

This court has jurisdiction under § 1291 to review "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "Ordinarily, '[o]rders denying summary judgment are . . . not appealable final orders for purposes of 28 U.S.C. § 1291.'" *Est. of Booker v. Gomez*, 745 F.3d 405, 409 (10th Cir. 2014) (quoting *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)). But we have appellate jurisdiction "under the collateral order doctrine to review a state official's appeal from the denial of qualified immunity at the summary judgment

---

[3] The district court also said the jury must determine the extent of Officer Beale's liability for the unlawful entry claim, noting Officer Beale's entry "could be found to have lead [sic] to the death of Peterson and the resulting damages." *Id.* at 301. Although Officer Beale also appealed this determination, we need not address it because we reverse the district court's denial of qualified immunity on the unlawful entry claim.

stage, but only to the extent the appeal involves abstract issues of law." *Ralston v. Cannon*, 884 F.3d 1060, 1066 (10th Cir. 2018).

Under this limited jurisdiction, we may review only "(1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the alleged violation." *Cox v. Glanz*, 800 F.3d 1231, 1242 (10th Cir. 2015). We "lack[] jurisdiction at this stage to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Sawyers v. Norton*, 962 F.3d 1270, 1281 (10th Cir. 2020) (quotations omitted).[4]

## 2. **Standard of Review**

"We review *de novo* the district court's denial of a summary judgment motion asserting qualified immunity." *McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010) (quotations omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[4] None of the three exceptions to this general rule applies here. *See Works v. Byers*, 128 F.4th 1156, 1161 (10th Cir. 2025) ("We may review the factual record de novo when (1) the district court fails to identify the particular conduct of the alleged constitutional violation, (2) the record blatantly contradicts the district court's factual finding, or (3) the district court committed legal error on the way to a factual determination.").

3. **Section 1983 and Qualified Immunity**

"Title 42 U.S.C. § 1983 allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." *Davis v. Clifford*, 825 F.3d 1131, 1134 (10th Cir. 2016) (quoting *Est. of Booker*, 745 F.3d at 411). "Individual defendants named in a § 1983 action may raise a defense of qualified immunity, which shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Est. of Booker*, 745 F.3d at 411 (citations and quotations omitted).

"When a § 1983 defendant raises the qualified immunity defense, the burden shifts to the plaintiff. To overcome qualified immunity, a plaintiff must show (1) facts that demonstrate the officials violated a federal constitutional or statutory right, which (2) was clearly established at the time of the defendant's conduct." *Sawyers*, 962 F.3d at 1282 (citations omitted). "[W]e are permitted to exercise our sound discretion in deciding whether to bypass the first question and proceed directly to the second." *Lynch v. Barrett*, 703 F.3d 1153, 1159 (10th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 236-43 (2009)); *see Cummings v. Dean*, 913 F.3d 1227, 1242 (10th Cir. 2019) (noting "we need not reach the first prong of the qualified-immunity analysis" when reversing the denial of summary judgment because the plaintiffs "failed to identify clearly-established law").

"To show that the law is clearly established, a plaintiff must normally point to a 'Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts.'" *Jordan v. Jenkins*, 73 F.4th 1162, 1168

6

(10th Cir. 2023) (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (en banc)). "[P]recedent is considered on point if it involves '*materially similar conduct*' or applies 'with *obvious clarity*' to the conduct at issue." *Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (quotations omitted).

### 4. **Unlawful Entry**

Under the Fourth Amendment, the warrantless entry by police into a person's home is presumptively unreasonable. *See United States v. Martin*, 613 F.3d 1295, 1299 (10th Cir. 2010). But "[p]robable cause accompanied by exigent circumstances will excuse the absence of a warrant." *Howard v. Dickerson*, 34 F.3d 978, 982 (10th Cir. 1994); *see also Welsh v. Wisconsin*, 466 U.S. 740, 749 (1984). "Exigent circumstances may exist when there is a 'plausible claim of specially pressing or urgent law enforcement need,'" *Cortez*, 478 F.3d at 1123 (quoting *Illinois v. McArthur*, 531 U.S. 326, 331 (2001)), such as "a threat to officer safety, an ongoing 'hot pursuit' of a fleeing suspect, or the possible imminent destruction of evidence," *Martin*, 613 F.3d at 1299.

## II. **DISCUSSION**

We start and end our analysis with the second prong of qualified immunity. *See Cummings*, 913 F.3d at 1242; *see also Lynch*, 703 F.3d at 1159. The district court erred when it failed to address whether the Estate showed a constitutional violation under clearly established law. In light of this error, we may remand this issue to the district court, *see Kerns v. Bader*, 663 F.3d 1173, 1182 (10th Cir. 2011), or resolve the issue when, as here, it presents a "pure matter of law," *Cox*, 800 F.3d

7

at 1246 n.7; *id.* at 1241. We choose the latter course and hold that the Estate failed to "identify clearly-established law that would have put [Officer Beale] on notice that his conduct would give rise to liability under federal law." *Cummings*, 913 F.3d at 1242.

In district court, the Estate "made no more than an anemic attempt to carry its burden as to the clearly-established-law question." *Cox*, 800 F.3d at 1245. It cited only a single unpublished Tenth Circuit case—*United States v. Belisle*, 164 F. App'x 657 (10th Cir. 2005) (unpublished)—for the general proposition that warrantless entries are unconstitutional without exigent circumstances. Rather than attempt to correct this deficiency, the Estate did not cite any case on appeal to show clearly established law. Aplee. Br. at 9-12. Instead, it erroneously insists that Officer Beale must show a lack of clearly established law, and that the district court did not need to resolve the clearly-established-law prong of qualified immunity to deny summary judgment. *Id.*[5]

---

[5] The Estate says *Saucier v. Katz*, 533 U.S. 194 (2001); *Pearson*, 555 U.S. 223; and *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992 (10th Cir. 2002) support this argument. *See* Aplee. Br. at 9-12; Oral Arg. at 21:28-22:28. But they do not.

In *Saucier*, the Supreme Court held a court must sequentially consider both prongs of qualified immunity. *Saucier*, 533 U.S. at 201. In *Pearson*, the Court partially overruled *Saucier*, clarifying that courts may address the prongs in any order and need not address both if the plaintiff fails on one. *Pearson*, 555 U.S. at 236. *Pearson* did not disturb the plaintiff's two-part burden to rebut the qualified immunity defense. *See id.*; *see also Kerns*, 663 F.3d at 1181-82. The Estate is therefore incorrect that the Supreme Court has "abandoned" the two-step requirement to overcome qualified immunity. Aplee. Br. at 10-11; Oral Arg. at 21:50-22:00.

*McDonald* is equally inapposite. It concerned an appeal from a motion to dismiss for failure to state a claim in a securities case. *McDonald*, 287 F.3d at 994. Citing *McDonald*, the Estate says Officer Beale waived any argument about clearly

As noted, the Estate has not even attempted to shoulder its "burden of citing to us what [it] thinks constitutes clearly established law." *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010). "On this basis alone, we could hold that [the Estate] has not properly laid the groundwork to defeat [Officer Beale's] assertion of qualified immunity." *Cox*, 800 F.3d at 1247. The Estate must do more than assert that the law is clearly established "in bare-bones fashion." *Id.* at 1245; *see also Gutierrez v. Cobos*, 841 F.3d 895, 902-03 (10th Cir. 2016).

*United States v. Belisle*, the single unpublished case the Estate cited to the district court, does not help the Estate. Even if *Belisle* were on point, unpublished opinions provide "little support for the notion that the law is clearly established." *Mecham v. Frazier*, 500 F.3d 1200, 1206 (10th Cir. 2007); *see also Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015) ("A plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision . . . .").

And *Belisle* is not on point. *Belisle*'s statement that warrantless entries are unlawful without exigent circumstances defines the asserted right at an unacceptably "high level of generality." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quotations omitted). The Supreme Court has repeatedly warned that "clearly established law must be 'particularized' to the facts of the case." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In *Anderson*, the Supreme Court held it was not enough

---

established law, *see* Aplee. Br. at 10, but this argument ignores that it is the Estate's burden—not Officer Beale's—to show clearly established law.

9

to assert "the right to be free from warrantless searches of one's home unless . . . there are exigent circumstances [] was clearly established." 483 U.S. at 640. To satisfy its burden, the Estate needed precedent showing "that the circumstances with which [Officer Beale] was confronted did not constitute . . . exigent circumstances." *Id.* at 640-41. *Belisle* is not that case.

In *Belisle*, the police responded to a call reporting a disturbance involving a gun at an apartment complex. *Belisle*, 164 F. App'x at 658. When they arrived, a neighbor told the officers that Mr. Belisle had pointed a gun at her as she entered his apartment to pick up a child. *Id.* at 658-69. She stated there were others in the apartment, including a child. *Id.* After officers got Mr. Belisle to step outside, they entered the apartment without a warrant to secure the child and determine if others were in danger. *Id.* at 659.

The *Belisle* circumstances do not resemble what Officer Beale confronted. He asserted exigent circumstances of hot pursuit and a threat to officer safety, whereas the *Belisle* officers entered the apartment based on the "reasonable concern that lives were in danger" within. *Id.* at 660. Also in *Belisle* we found exigent circumstances justified the warrantless entry and affirmed the district court's grant of summary judgment to the officers. *Id.* at 660-62. Thus, a reasonable officer in Officer Beale's position would not know whether his conduct was unlawful based on *Belisle*. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a

10

reasonable officer that his conduct was unlawful in the situation he confronted."),
*overruled in part on other grounds by Pearson*, 555 U.S. 223.[6]

Because the Estate has not shown that a Fourth Amendment unlawful entry violation was clearly established, Officer Beale is entitled to qualified immunity on the unlawful entry claim.

### III.  CONCLUSION

We reverse the district court's denial of summary judgment to Officer Beale on the unlawful entry claim and remand with instructions to grant Officer Beale summary judgment based on qualified immunity.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[6] The Estate did not develop an obvious clarity argument for clearly established law in district court or on appeal, *see* App. at 145, so that argument is waived, *see Thomas v. IBM*, 48 F.3d 478, 482 n.2 (10th Cir. 1995) (noting that "failure to argue an issue in the appellate brief . . . constitutes waiver, even when the appellant lists the issue in the notice of appeal"); *Osborn v. Meitzen*, No. 21-7069, 2022 WL 17428958, at *3 (10th Cir. Dec. 6, 2022) (holding an obvious clarity argument waived when "raised in an underdeveloped and perfunctory manner before the district court") (unpublished) (cited as persuasive under Fed. R. App. P. 32.1(A) and 10th Cir. R. 32.1).

In any event, in light of Mr. Peterson's door push and his warning that he would treat Officer Beale "as an intruder," App. at 173, 182, it would not be obvious to a reasonable officer in Officer Beale's shoes that exigent circumstances were lacking. *See Lowe*, 864 F.3d at 1210-11; *United States v. Thomas*, 372 F.3d 1173, 1177 (10th Cir. 2004) (stating an exigent "risk of danger to police officers or other people inside or outside the home" may justify a warrantless entry).